## COULTER *v.* LUMPKIN.

88  277
s94  225
s100 785

1. A mortgage otherwise pure is not rendered fraudulent by a provision in the same, added to a power of sale conferred upon the mortgagee, to the effect that he is to hold the residue of the proceeds in excess of the mortgage debt subject to the order of the mortgagor. *Calloway* v. *People's Bank,* 54 *Ga.* 441; *Lay* v. *Seago,* 47 *Ga.* 82; *Rowland* v. *Coleman,* 45 *Ga.* 204; *Banks* v. *Clapp,* 12 *Ga.* 514; *Carey* v. *Giles,* 10 *Ga.* 10.

2. Where, other than such a provision in the mortgage deed as to the surplus proceeds, there is no evidence of a reservation by the debtor of any trust or benefit to himself or any person for him, and no evidence whatever of his insolvency, the first paragraph of section 1952 of the code is not applicable, and it was error to give the same in charge to the jury.          *Judgment reversed.*

January 19, 1892.

Fraud. Mortgage. Debtor and creditor. Charge of court. Before Judge MADDOX. Walker superior court. February term, 1891.

This action was by H. P. Lumpkin against W. H. Coulter, to set aside a mortgage from O. L. Coulter to

W. H. Coulter and a sale thereunder of the land therein described, and to recover the land and have a decree fixing the title in Lumpkin. His petition alleged that the mortgage was made to defeat Clara Coulter, the wife of O. L. Coulter, in her application for alimony; that it was illegal and void, having been made while O. L. Coulter was living separate from his wife and after her bill for alimony, etc. was filed and the restraining order thereon served; and that the sale under it was fraudulent, illegal and for the purpose of defeating Lumpkin, and was with full notice of the judgment, execution and proceedings in the alimony case. The facts may be thus stated:

June 22, 1885, Clara Coulter filed her bill against O. L. Coulter for alimony, injunction, receiver, etc., alleging that he owned certain described personalty and certain realty (her description of which apparently did not cover the land involved in the present case), and that he was trying to dispose of all his property and so place it that it could not be reached by legal process, intending then to leave the county, he having already abandoned her and refused to provide for her. A restraining order was granted, and the sheriff was appointed as temporary receiver. O. L. Coulter was personally served. At the August term, 1885, the complainant filed an amendment on which W. H. Coulter was made party defendant. She alleged that he and O. L. Coulter had colluded to conceal the property described in the original bill, and had entered into fraudulent trades and exchanges of the property to make it appear to be W. H. Coulter's, for the purpose of defrauding her of alimony and other rights. She prayed for injunction against the disposition of the property by W. H. Coulter, and for equitable relief. In the court's order making him a party it was directed that he be served fifteen days before the next term.

September 1, 1885, at chambers, on consideration of the bill, the answer thereto, and the evidence submitted, the judge granted an injunction restraining O. L. Coulter from selling, encumbering or disposing of any of the property described in the bill, and appointed the sheriff as receiver. It was further ordered that O. L. Coulter pay to the receiver $6 per month for the use of the complainant, and $25 for attorney's fees.

October 26, 1885, the sheriff left a copy of the bill, amendment and orders on the same at the place of business of W. H. Coulter, who was a resident of Tennessee. He afterwards received the copy, but did not remember when.

November 23, 1885, O. L. Coulter made to W. H. Coulter a mortgage on the land in question, to be void upon the payment on the 1st of January, 1887, of $800 "borrowed money," with a power of sale if the indebtedness were not paid on the day named. The mortgagee was further authorized, in the event of sale, to execute a deed to the purchaser, to pay off the amount secured by the mortgage, with interest and costs, and to hold the remainder subject to the mortgagor's order. This mortgage was recorded December 2, 1885.

At the February adjourned term (April 30), 1886, by consent of the parties to the case of Clara Coulter v. O. L. Coulter, the court rendered a decree that the complainant recover of the respondent $175 for alimony, with costs, to be discharged as follows: "O. L. Coulter is to pay into court instanter such sum as he may now be prepared or able to pay, and the remainder by the August term, 1886, of this court, or to settle in full this decree by his promissory note with J. A. Coulter or other like good security to said Clara Coulter for said remainder, said note to come due 25th day of August, 1886. Upon compliance with the above conditions or either of them, the said Clara Coulter agrees in open

court, as aforesaid, to disclaim any and all other or further alimony against O. L. Coulter, and releases said O. L. Coulter from any and all obligations, legal, equitable or otherwise, to support, maintain or provide for said Clara Coulter under his marital obligations. Upon compliance with the foregoing conditions in full on part of said O. L. Coulter, ordered and adjudged by the court that this decree be final and in full settlement of said case. This decree is rendered by the court without the intervention of a jury by consent, a verdict being waived."

January 30, 1888, the clerk issued execution against O. L. Coulter on this decree for $175 principal, with interest and costs. It was levied on three of the lots of land described in the bill and on the land involved in the present case. This last mentioned land was sold by the sheriff to H. P. Lumpkin on March 6, 1888, for $200, and after paying costs, etc., the balance, $175.50, was applied as a credit on the execution, on which was entered a receipt for that sum signed by H. P. Lumpkin, plaintiff's attorney. In pursuance of the sale the sheriff made Lumpkin a deed to the land; and the deed and execution were recorded May 5, 1888.

July 5, 1888, W. H. Coulter made a deed conveying the property to J. A. Coulter, reciting public sale in conformity to the terms of the mortgage of O. L. Coulter, and expressing a consideration of $200. On the same day J. A. Coulter reconveyed the property to W. H. Coulter in consideration of $210. Both deeds were attested by the same witnesses, and were recorded together on August 23, 1888. The only money that passed was $10 paid by W. H. to J. A. Coulter, and O. L. Coulter became entitled to a credit of $200 on his note. This was a note held by W. H. Coulter, dated March 17, 1885, for $800 "borrowed money," due eight months after date. As it appears in evidence it bears no credit. When it was executed the maker and his

wife were living together as husband and wife. W. H. Coulter testified that O. L. Coulter owed him the $800 for money he had loaned O. L. at different times prior to the date of the note, and it was executed for said loans, the most of the money having been borrowed before the marriage of the borrower (alleged in the bill to have been on January 29, 1885); that when the note fell due he called on O. L. to pay it, he could not pay it, and W. H. agreed to give him further time if he would secure the payment of the note, which he did by executing and delivering the mortgage; that this mortgage was not executed for the purpose of defeating Clara Coulter out of the alimony, but in good faith to secure the payment of the borrowed money, none of which ever was paid, and in pursuance of the power of sale W. H. advertised and publicly sold the property to J. A. Coulter, he being the highest bidder, for $200, and he sold it to W. H. for $210. One Price testified that about May, 1887, he asked W. H. if he owed O. L. Coulter anything, and he said he did, but could not pay any debt unless Price would get an order from O. L.; that he would write to O. L. in reference to Price's debt, and if O. L. said pay it, he would pay it off. W. H. testified that Price claimed that O. L. owed him, and wanted W. H. to help him get it; that he told Price he would write to O. L. about it and try to get his money, but did not tell him that he (W. H.) owed O. L. and would pay his debt if he would get an order from O. L.; and that in fact he (W. H.) never did owe O. L. anything, but the reverse was the fact.

The jury set aside the deeds to J. A. and W. H. Coulter, and found for the plaintiff the premises in dispute. The defendant moved for a new trial on the grounds that the verdict was contrary to law and evidence, and that the court erred in delivering to the jury the following charge: "I further charge you that every assign-

ment or transfer by a debtor insolvent at the time, of any real or personal property or choses in action of any description, to any person, either in trust or for the benefit of or in behalf of creditors, where any trust or benefit is reserved to the assignor or any person for him, would be fraudulent and void. If, after considering all the evidence in this case, you should find that O. L. Coulter made to his brother W. H. Coulter a mortgage to secure a debt owing him, and that he, O. L. Coulter, reserved to himself or any one for him any trust or benefit therein, I charge you the mortgage would be fraudulent and void as to the claims of Clara Coulter for her alimony, and you would be authorized to find for the complainant in this case." In the bill of exceptions it is alleged that there was no evidence to authorize the charge, nor did the pleadings authorize it, and it was contrary to law. The motion was overruled, and defendant excepted.

C. P. GOREE and R. M. W. GLENN, for plaintiff in error.
F. W. COPELAND and LUMPKIN & SHATTUCK, contra.