WILLIAM G. PONDER, ex'or, plaintiff in error, *vs.* WILLIAM
FOSTER, guardian, defendant in error.

A guardian residing out of the jurisdiction in which the property of his ward
is situated, may sustain a bill to have an allowance for past expenses, and
a decree, that sums suitable to the circumstances of his wards shall, at stated
periods, be deposited in Court, at his disposal, for their future maintenance
and education.

In Equity, from Thomas Superior Court. Decision on
demurrer, by Judge COCHRAN, at June Term, 1857.

This was a bill filed by William Foster, against William
G. Ponder, executor of James Vickers, deceased.

The bill alleges, that James M. Vickers, of Thomas county,
died in 1847, leaving his wife, Ann E. Vickers, and two
children *in esse,* and his said wife *enciente,* who, after his
death, gave birth to a posthumous son.

That deceased left a will which was duly admitted to pro-
bate, and defendant, Ponder, qualified as executor thereof.

By the third section of his will, testator bequeathed a large
estate to his said three children, which he directed to be re-
tained and controlled by his executor, until his children res-
pectively came of age. That the annual value or increase of
the estate thus given, to his children, amounted to about sev-
en thousand dollars.

The bill further alleges, that complainant intermarried with
the widow of testator, and with her removed to the State of
Texas, carrying with them the said three children, all of ten-
der age. That he is now a citizen of Texas, and has there
been appointed guardian of the persons of said children, and
of their property or estate, to the amount of ten thousand dol-
lars, and has entered into bond and security for the faithful
discharge of his trust. That since his intermarriage with
their mother, the entire support, maintenance, and educa-
tion of said children, have been borne by complainant, who
has paid out some three thousand dollars therefor, and has

exhausted his resources and estate thereby. That the estate bequeathed to said children, is now in the hands of defendant, as executor, who refuses to pay to complainant, the sum thus paid and advanced by him.

The bill prays, that an account be had of the value of the estate belonging to his wards, in the hands of defendant; that an account be taken of the amounts paid out and expended by him, for their support and education, and that said defendant pay to complainant the sums thus ascertained, and that a further sum be annually paid to complainant, for the future support and education of said children; that said sum be fixed by authority of this Court, and defendant ordered to pay over the same.

To this bill defendant demurred.

1st. Because there was no equity in the bill.

2d. Because complainant has ample remedy at common law.

3d. Because complainant is not the guardian of said children, the Court making the appointment having no jurisdiction.

The Court overruled the demurrer on all the grounds taken. And to this decision counsel for defendant excepted.

Cole, for plaintiff in error.

Hansell, by I. L. Harris, for defendant in error.

By the Court.—McDonald, J. delivering the opinion.

The complainant and his wife, Ann E. Foster, were appointed guardians of the persons of Pleasant N. Vickers, James M. Vickers, and Henrietta E. Vickers, by the county Court of Harrison county, Texas, and William Foster was appointed by the same Court, at the same time, guardian of their estate, with power and authority to demand and receive from the person having charge of their deceased fa-

ther's estate, in Georgia, the sum of ten thousand dollars, to be, by him retained, for their proper maintenance and education. William Foster instituted this suit for the purpose of having an enquiry made into the value of the estate of his wards, and account taken of the moneys expended by him, in their maintenance and education, and having a sum sufficient for their future support and education paid to him.

The defendant demurred to the bill for the want of equity: because the complainant has a common law remedy, and because he was not legally appointed guardian.

These children are entitled to a support and education from their deceased father's estate, and a Court of Chancery is the appropriate tribunal to hear their application, and determine what is right and proper for them, as well as to examine into the charges exhibited by their guardian against them. A Court of Chancery alone can decree to them an annual or semi-annual allowance, in a manner to protect them from imposition on the one hand, and on the other to secure to them the means of future support, maintenance and education, suitable to their circumstances. According to the bill, they are out of the jurisdiction where their property is, and it may be indispensible to their future training and maintenance, that the Court or a Master should report what is fit and proper for them, as an allowance; and that the defendant should be required to deposit in Court the amount, at such times as the Court may direct, for the use of the wards of complainant. The common law Courts afford no adequate remedy in such cases. The last ground taken in the demurrer, was abandoned by plaintiff in error.

Judgment affirmed.