### Holmes, Booth, & Haydens v. The Knapp Electrical Works et al.

1. COLLATERAL ATTACK—*By Intervening Petitioner.*—An intervening petitioner in a proceeding had for the appointment of a receiver for an insolvent corporation and a settlement of its affairs can not be heard to say that the court had no jurisdiction to make the appointment.

2. APPEAL—*By an Intervening Petitioner.*—In a proceeding where a receiver has been appointed for an insolvent corporation on the application of a creditor, another creditor who is permitted to file an intervening petition can not appeal from the order appointing the receiver.

**Bill for the Appointment of a Receiver.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 3, 1895.

### STATEMENT OF THE CASE.

September 1, 1894, Samuel Harris filed a bill against

the Knapp Electrical Works, a corporation, setting forth the entry of a large judgment against said company, also the issuance of attachment writs and distress warrants and levies under said judgment, writs and warrant upon the property of said company; that said corporation had ceased doing business leaving a large amount of debt unpaid, and had no resources out of which the debts could be paid, except the property levied on and book accounts; and praying for the appointment of a receiver for said company and its dissolution. The company appeared, and consenting to the appointment of a receiver, the following order was made on the first day of September, 1894:

" The Knapp Electrical Works, by its president, appearing, and on the said bill of complaint, and on evidence heard in open court, the court finds that Samuel Harris is a creditor of the Knapp Electrical Works, an Illinois corporation; that it is wholly insolvent and unable to continue the business for which it was organized, and has ceased doing such business, leaving debts unpaid; that it is proper that a receiver be appointed, and the court appoints Harry P. Lucas receiver.

September 7, 1894, appellant obtained leave to, and did file an intervening petition in said cause, setting forth that it had sued out a writ of attachment against said corporation, placed the same in the hands of the sheriff and asked that he levy thereunder on the goods of said company, but that he declined to do so because the property, when said writ was issued, was in the hands of a receiver.

The petition also sets forth that the order of court appointing said receiver was without authority of law; the allegations of said bill (it was alleged) not being sufficient to give the court jurisdiction to make such order; the petition prayed that the sheriff be given leave to levy petitioner's said attachment writ on the goods of said company. The petition was afterward amended, and on the 26th day of October an order was entered denying petitioner's motion praying an appeal from the order appointing a receiver of said corporation; also vacating the order granting

appellant leave to file said intervening petition, sustaining a demurrer to said petition and dismissing the same.

From this order appellants appeal.

CRATTY BROS., MACLAREN, JARVIS & CLEVELAND, attorneys for appellant.

HERRICK, ALLEN & BOYESEN, attorneys for appellee F. M. Knapp.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The triplicate disposal of the intervening petition is not approved of. The three inconsistent orders amount to one thing—a dismissal of the petition. The court should not have allowed it to be filed, or should have, when filed, dismissed the same. If the position assumed in said petition is well taken, viz., that the court had no jurisdiction to appoint a receiver, appellant can disregard its action and levy on the goods of the corporation in the receiver's hands; if the sheriff improperly refuse to levy, surely the able counsel who represent appellant know what to do in such case. A good cause of action against the sheriff may be much better than an attachment of the property of an insolvent corporation.

Appellant is endeavoring to collaterally attack the judgment of the Circuit Court. If it wish to do this the courts are open for an independent suit.

We are not on this appeal called upon to say whether the court had jurisdiction to appoint a receiver.

The record sets forth facts showing that the court had jurisdiction of the parties; that it found the existence of facts which gave it jurisdiction of the subject-matter. Counsel well know how the judgment of a court of a superior and general jurisdiction can be attacked and what must be shown in order to set it aside.

Appellant was not entitled to appeal from the order appointing a receiver; it was not a party to such judgment.

The judgment of the Circuit Court is affirmed.