CHARLES C. ANDREWS V. STEELE CITY BANK ET AL.

FILED DECEMBER 8, 1898.    No. 8486.

1. **Appointment of Receiver:** COLLATERAL ATTACK. When a court of competent jurisdiction has appointed a receiver in an action where such appointment is authorized, the authority of such receiver is not open to collateral attack.

2. **Action Against Corporation:** INTERVENTION BY RECEIVER: PARTIES. A receiver of a corporation, appointed after the commencement of a suit against the corporation, may intervene in such action to defend the rights of the corporation.

3. **Insolvent State Bank:** POSSESSION BY EXAMINER: ATTACHMENT. Under the present banking law (Compiled Statutes, ch. 8), when an examiner, under authority of the banking board, has taken possession of the assets of an insolvent bank, such assets are not subject to attachment at the suit of a creditor of the bank while possession is so retained.

ERROR from the district court of Jefferson county. Tried below before STULL, J.  *Affirmed.*

*John C. Hartigan,* for plaintiff in error.

*E. H. Hinshaw, contra.*

IRVINE, C.

Charles C. Andrews brought an action against the Steele City Bank, Charles B. Rice, and Vena Rice, alleging that he was a depositor in the bank, which had become insolvent and was placed in the custody of the state banking board, that the Rices, who were husband and wife, were the sole stockholders of the bank, and had

given a bond to pay the debts of the bank and had taken possession of its assets. Judgment was prayed for $1,000. Plaintiff also sued out a writ of attachment, alleging every statutory ground except that the debt was fraudulently contracted. The attachment was levied on certain property, both personal and real. Thereafter Henry W. Challis obtained leave to intervene, alleging that he had become the receiver of the bank. He filed an answer and also moved to discharge the attachment. This motion was sustained, and from the order discharging the attachment plaintiff prosecutes proceedings in error.

An attack is made on the validity of Challis' appointment as receiver, and upon his right to intervene. It appears that the banking board, pursuant to the proviso of section 35 of the banking act (Compiled Statutes, ch. 8), authorized the stockholders to take possession of the bank and its assets on giving a bond to settle the liabilities; that a bond was tendered and approved; that thereafter the board undertook to rescind its action and directed the attorney general to apply for a receiver. Such application was made and Challis appointed. It is argued that the board, after approving the bond, had no authority to rescind its action; but if this be so, it would affect only the propriety of the appointment and not its validity. The appointment was made by a court of competent jurisdiction, and in an action where the power to appoint existed. That is sufficient to protect the receiver's authority from collateral attack. We have no doubt of the receiver's right to become a party. The bank was sued before his appointment. He became by operation of law its transferee. By section 45 of the Code of Civil Procedure, where a transfer of interest occurs otherwise than by death, marriage, or disability, the action may either proceed in the name of the original party or the successor in interest may be substituted. By section 50a any person who claims an interest in the success of either party may become a party by intervention. The

receiver had an interest in the success of the bank, and he had a right to come in to defend that interest. (*Arnold v. Weimer*, 40 Neb. 216.) From the briefs it would seem that the plaintiff considers that dissolution of the attachment was sought simply on the ground that the attached property belonged to the bank and was attached as the property of Rice. The record does not support that theory. The ownership of the property was only incidentally involved, and the ruling on the motion does not necessarily adjudicate that question. The attachment was asked and issued against all defendants. There is nothing in affidavit, writ, or return to indicate that the property was seized as that of one defendant rather than the other. While the evidence shows that Rice had formerly held the legal title to at least a portion of the property, it also shows that he held it as trustee for the bank. Certainly the receiver had a right to resist the attachment in so far as the bank's title was attacked.

The plaintiff insists that when the banking board approved the bond the bank became the property of the obligors, as did all its assets, and so subject to attachment; that Rice had absconded; that before leaving he had conveyed the attached property to persons named as trustees for creditors; that this was a prohibited general assignment and was consequently fraudulent. It is apparent that the decision of the district court did not involve a decision of these issues, but went upon the ground that the property was not subject to attachment. The evidence, while on some points conflicting, tends to show that the Rices' bond was approved November 11, 1895, but that they straightway refused to take possession of the assets. The attachment was levied November 16. November 18 the board undertook to rescind its action and applied for a receiver. Prior to November 11 an examiner, by direction of the board, had taken possession of the bank and all its assets. He did not surrender possession to Rice, but retained possession for the board until the receiver qualified, when

he.delivered possession to him.   Under the former banking act it was held that the assets of an insolvent bank were subject to attachment. while in the hands of the banking board and before a receiver was appointed or the sheriff placed in custody.   (*Arnold v. Weimer*, 40 Neb. 216.)    After the decision of that case, and before the present arose, a new law went into effect (Compiled Statutes, ch. 8), section 24 of which gives authority to an examiner, when ordered by the board, to take possession of a bank, and "to hold and retain possession of all money, rights, credits, assets, and property of any description belonging to such bank, as against any *mesne* or final process issued by any court against such bank, corporation, partnership, firm, or individual whose property has been taken possession of by such examiner, until the state banking board can receive and act on the report made by the examiner of said bank, and have a receiver appointed, as provided in section 35 of this act." By this provision, when an examiner, duly authorized, takes possession the assets pass into the custody of the state and are no longer subject to attachment.   Whether the bond became obligatory upon approval, whether the bank's assets thereby passed to the obligors, whether such result could be defeated by the obligors' refusing to take possession or by a subsequent rescission by the board of its approval of the bond, are questions which may perhaps arise on the trial of the main case, but do not affect the present motion.   The property was in fact in the possession of the examiner and under the protection of the statute.   Although perhaps that possession ought to have terminated, it had not in fact done so.   It could not be disregarded.

AFFIRMED.