MCKAY v. VAN KLEECK.

1. RECEIVERS—VALIDITY OF APPOINTMENT—COLLATERAL ATTACK.
   The regularity of the appointment of a receiver, as having been made without notice, cannot be questioned by bill filed in a court of concurrent jurisdiction with the court making the appointment.

2. SAME—CONFLICTING RIGHTS—JURISDICTION.
   The respective rights of two receivers for the same property, appointed by different courts, should be adjusted by the court which first acquired jurisdiction; and an order of such court authorizing, in general terms, the institution of proceedings to determine the question, should not be construed as contemplating the bringing of suit in another court.

Appeal from Kent; Perkins, J. Submitted December 4, 1902. (Docket No. 147.) Decided April 21, 1903.

Bill by John A. McKay, receiver of the Home Security Life Association, against James Van Kleeck, receiver of the Home Security Association, to determine the respective rights and *status* of said parties. From a decree in favor of complainant, defendant appeals. Reversed.

*George W. Weadock*, for complainant.
*George R. Fox*, for defendant.

MOORE, J.  On the 26th of February, 1892, articles of association of the Home Security Association were filed in the office of the Secretary of State.  Afterwards it engaged in business.  On the 22d of October, 1894, a majority of the members of the Home Security Association adopted amended articles of association, one of which was that the association "shall be known in the law as the Home Security Life Association."

On the 20th of May, 1899, George Mellish filed a bill of complaint, in which was recited the organization of the Home Security Association, and the names of the original incorporators, and that they or some of them managed and controlled the business until on or about January 1, 1899; that said association, in June, 1892, issued to complainant a membership certificate for the sum of $1,000, by which it agreed to pay him $1,000 at the expiration of six years; that he had paid all his assessments and demands, and that there was then due him $1,000; that it had issued many certificates of a like character; that said corporation had become and was insolvent, and unable to pay its debts; that upwards of $75,000 was then due on certificates issued by it, which said corporation admitted it was unable to pay; that its assets were insufficient to pay its liabilities.  The bill also stated that the corporation received payments from holders of certificates after its executive board knew it was insolvent, and that it fraudulently continued to do so up to the time of the filing of the bill.  The bill further charged that substantially all of the assets of the corporation had, by its officers, been paid to favored holders of certificates, and to those who had paid no consideration therefor, and especially to the Home Security Life Association, a corporation, with knowledge on the part of the officers of the first corporation that it would soon be compelled to suspend business and of its insolvency.  The bill recites at length what complainant claims to be illegal and fraudulent action on the part of the defendants.  The bill also recites a lack of knowledge as to the names of all the persons who should be made

defendants, and claims the right, when ascertained, to add their names to the bill of complaint. It prays for an injunction, an accounting, and the appointment of a receiver.

Upon the same day the following order was made:

"State of Michigan.

"In the Circuit Court for the County of Bay, in Chancery.

"George Mellish,

"Complainant,

"*vs.*

"The Home Security Association, Aaron T. Bliss, Levi Tillotson, J. W. Richardson, Richard H. Williams, John W. Foot, Charles L. Benjamin, John F. Barrows, W. E. Ormsby, O. Merton Belfpy, G. W. Burnham, Frank Gwizdala, and Fred A. Nichols,

"Defendants.

" On reading and filing the bill of complaint in this cause, on motion of T. E. Webster, solicitor for the complainant, it is ordered that James Van Kleeck be and is hereby appointed receiver of the moneys, property, and effects of the above-named Home Security Association, upon his executing, acknowledging, and filing with the register of this court a bond in the usual form to the people of this State in the penal sum of seven thousand dollars, with sufficient security, to be approved by the register of this court."

Mr. Van Kleeck duly qualified as receiver, and a quantity of notes and mortgages came into his possession as receiver. July 11, 1899, the court entered an order authorizing Mr. Van Kleeck to sell the assets in his hands at auction, which he did, after due notice, for the sum of $5,000. This sale was confirmed by the court August 21, 1899, and the money was paid to Mr. Van Kleeck. October 18, 1899, Mr. Van Kleeck was directed by the court to pay H. S. Stevens $32.50 and Stanley L. Otis $39 for

personal labor in examining the books and records of the Home Security Association, and these amounts were paid. December 26, 1899, the receiver was directed to pay a claim of L. T. Durand for legal services rendered and money expended for said Home Security Association, amounting to $946.40, and this sum was paid by the receiver.

In February, 1900, Marie M. Best filed a bill against the Home Security Life Association in the circuit court for the county of Kent in chancery, in which she asked for the appointment of a receiver, and John A. McKay was so appointed. Later the following order was entered:

"STATE OF MICHIGAN.

" In the Circuit Court for the County of Bay, in Chancery.

"GEORGE MELLISH,
                    "Complainant,
             " vs.
"The HOME SECURITY ASSO-
CIATION et al.,
                    "Defendants.

"At a session of said court held at the courthouse in the city of Bay City, Michigan, on the 25th day of April, A. D. 1900.

"Present, Honorable Theodore F. Shepard, Circuit Judge.

"The above-entitled petition being brought on to be heard, and after hearing counsel for the respective parties hereto: It is ordered, adjudged, and decreed, and the court doth hereby order, adjudge, and decree, that the said John A. McKay, receiver for the Home Security Life Association, be and is hereby authorized to commence and prosecute such legal proceedings as may seem to him advisable to determine the respective rights and *status* of said James Van Kleeck under his appointment as receiver of the Home Security Association, and said John A. McKay under his appointment as receiver of the Home Security Life Association, and the title to and possession of the funds and property now in the hands of said James Van Kleeck.

                    " T. F. SHEPARD,
                         " Circuit Judge."

Instead of proceeding in the Bay circuit court in chancery to test the validity of Mr. Van Kleeck's appointment, and what rights he possessed thereunder, Mr. McKay, in May, 1900, filed a bill in the circuit court for Kent county in chancery, reciting, in substance, his appointment as receiver of the Home Security Life Association, the appointment of Mr. Van Kleeck as receiver of the Home Security Association, the organization of the Home Security Association, and its reorganization as the Home Security Life Association, and that the Home Security Association ceased to exist, and all its assets passed to the Home Security Life Association. The bill charges that there is no valid order appointing Mr. Van Kleeck receiver, and that by virtue of his appointment he has taken possession of the assets of the Home Security Life Association, and refuses to deliver them over to Mr. McKay. The bill recited the order which had been entered in the circuit court in the county of Bay in chancery, authorizing Mr. McKay to commence suit, and prayed, among other things:

"That this court will adjudge and determine the respective rights and *status* of your orator and of said James Van Kleeck in the premises, and of the property, money, etc., now in the hands of the said James Van Kleeck, or under his control, and to adjudge and determine to whom said money, property, etc., belongs.

"That the said James Van Kleeck may be ordered and directed to pay over to your orator all said money and property now in his hands or custody or under his control as such alleged receiver of said Home Security Association."

Mr. Van Kleeck answered, claiming the benefit of a demurrer, denying any knowledge of the appointment of Mr. McKay as receiver, denying there was any legal reorganization of the Home Security Association, admitting his appointment as receiver by the court in Bay county, and that as said receiver he had assets belonging to the Home Security Association, but not belonging to the Home Security Life Association. The answer denied that the order entered in the chancery court in Bay county author-

ized the complainant to bring an action against Mr. Van Kleeck in the circuit court for Kent county in chancery, and denied that the last-named court had any jurisdiction over the defendant or the subject-matter of the action.

The case was heard by the circuit court in chancery, and a decree was made in favor of complainant, and requiring, among other things:

"That said defendant, James Van Kleeck, retain in his hands the sum of two thousand and five hundred dollars of the money in his hands as receiver of the Home Security Association, with which to pay said damages, costs, and fees allowed said John A. McKay for services as receiver of the Home Security Life Association."

From that decree the defendant has appealed.

A great many interesting questions are presented by counsel, which we do not deem it necessary to discuss. A bill of complaint was filed in the circuit court for the county of Bay in chancery, which, if true, called for the appointment of a receiver, and a receiver in fact was appointed, who obtained possession of the assets of the company, and who, by direction of the court, has disposed of some of them. It is true it is claimed this appointment is void because the proper notices were not given. On the part of Mr. Van Kleeck it is claimed all the notice necessary was given. Whether this is so or not, the regularity of the appointment cannot be questioned in the manner sought here by appealing to a court having concurrent jurisdiction. In High, Rec. § 112, it is said:

"Under the New York chancery practice, however, if the court below had improperly allowed an *ex parte* application for a receiver, and the appointment was clearly irregular, defendant could not appeal directly from that order, but was required first to apply to the court below to set aside or modify the order; and if, upon a proper application, the court refused so to do, an appeal would then lie from the order denying the application. But upon an appeal from an order appointing a receiver, if the record is silent as to whether due notice of the application was given to defendant, it will be presumed that the court below did not act without proof of notice."

In section 143 it is said:

"Courts of equity will not permit any unauthorized interference with the possession of their receivers to be justified upon the ground that the appointment was ill-advised or illegal, and that the parties interfering were therefore not bound to regard it.    It is sufficient that there is a subsisting order of the court appointing a receiver; and parties dissatisfied therewith, or deeming such order erroneous, must take the proper course to question its validity by application to the court itself, and it is not competent for any person to interfere with the receiver's possession upon the ground that his appointment was improvidently made.    The appropriate course in all cases where parties are desirous of obtaining possession of property which has come into the hands of a receiver is to apply to the court from which he derives his appointment; and the rule is not limited to property actually in the receiver's possession, but extends also to property which he has been appointed to receive, but which he has not yet reduced to possession."

See, also, section 163.    See, also, *Earle* v. *Humphrey*, 121 Mich. 518 (80 N. W. 370), and the cases there cited.

It is true that, before filing this bill, Mr. McKay obtained permission to commence proceedings to determine the rights and *status* of the two receivers, but there is no suggestion in the petition or in the order itself that this would be done in some other court than the one which appointed Mr. Van Kleeck as receiver.    Mr. Van Kleeck's appointment was much earlier than Mr. McKay's.    It is said:

"As regards the right of possession when two different receivers have been appointed, in different proceedings, over the same fund or estate, the question of priority or precedence must be determined with reference to the date of appointment, since the courts will not permit both to act, the title of one being necessarily exclusive of that of the other."    High, Rec. § 152.

Sometimes there is a conflict between the State courts and the Federal courts.    When this occurs, High, Rec. § 50, states the rule as follows:

"Questions of considerable delicacy and importance

have frequently arisen under our peculiar judicial system touching the relative powers of the State and Federal courts in the appointment of receivers over the same subject-matter in litigation in both tribunals. These questions have usually been determined upon principles of comity, and it is now the established doctrine of both the State and Federal courts that that court, whether State or Federal, which first acquires jurisdiction of the subject-matter or of the *res*, and which is first put in motion, will retain its control to the end of the controversy, and the possession of its receiver will not be disturbed by the subsequent appointment of a receiver by the other court."

The circuit court for the county of Bay in chancery, having first obtained jurisdiction of the subject-matter of the controversy, should retain it. If two courts may at the same time be making orders disposing of one fund, it is difficult to see how the officer of the court in possession of the fund can act with any safety.

The decree is reversed, and one will be entered here dismissing the bill of complaint.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. CARPENTER, J., did not sit.