ANNA L. BENJAMIN v. ALBERT L. STAPLES, RECEIVER.

[47 South. 425.]

1. BANKS AND BANKING.  *Receivers.  Appointment.  Notice.  Code* 1892,.
     § 574 (*Code* 1906, § 625).  *Emergency.*

   The fraudulent mismanagement by its directors and consequent in--
   solvency of a bank justify the appointment, at the suit of its.
   creditors, of a receiver to take charge of its affairs, without no-
   tice, under Code 1892, § 574 (Code 1906, § 625), providing that
   a receiver shall not be appointed without notice unless an im-
   mediate appointment be necessary.

2. SAME.  *Defect in bill.  Collateral attack.*

   Where at the suit of creditors a receiver was appointed to take-
   charge of the affairs of a bank because of its insolvency resulting-
   from fraudulent mismanagement by its directors, the failure of
   the bill for the receiver to pray process for the defendants there-
   to does not render the appointment void and subject to collateral,

attack by one not a party to the proceeding, even if it be ground for demurrer to the bill.

3. SAME. *Receivers. Chancery practice. When suit pending.*
    The appointment of a receiver may be made upon the filing of a bill in equity asking the same, or at any time thereafter pending the suit, and cannot be assailed by third parties after the receiver takes possession and enters upon the discharge of his duties.

FROM the chancery court of Jackson county.

HON. THADDEUS A. WOOD, Chancellor.

Mrs. Benjamin, appellant, was complainant in the court below, and Staples, receiver of the Scranton State Bank, appellee, was defendant there. From a decree in defendant's favor complainant appealed to the supreme court.

The opinion of the court states the facts.

*W. R. Harper,* for appellant.

The appointment of the receiver, being without authority of law, was void; first, because the creditors asking his appointment neither obtained a judgment nor held any specific lien of any sort on the property asked to be placed in the receiver's hands; second, because the so-called bill was in reality merely an *ex parte* petition, containing no prayer for process against anyone, and the court had no authority to appoint a receiver on an *ex parte* proceeding; third, because, at the time of the appointment of the receiver, there was no suit pending, in the sense understood and required by the law, before the chancery court has a right to appoint a receiver. In addition the record shows that the so-called bill had not been legally filed, and no summons had been issued or served upon anyone at the time the order for the appointment of a receiver was made.

It is well settled that a receiver will not be appointed in an *ex parte* proceeding. *Hardy v. McClellan,* 53 Miss. 507; *Whitehead v. Wooten,* 43 Miss. 523; *Hoyle v. Moore,* 4 Iredell (N. C.) 177; *White v. Thomas,* 52 Miss. 52.

From the testimony in this case it is evident that the alleged

bill was handed to the clerk who marked it filed, and it was then immediately taken out and away and not returned to the clerk until after the order appointing the receiver had been made. Hence the alleged bill was not really on file at the time of the appointment of the receiver. *Cooper v. Frierson,* 48 Miss. 310; *Bank v. Hoyt,* 74 Miss. 221, 21 South. 12.

Even if it be conceded that the bill was adversary and not *ex parte;* that the prayer was sufficient and the filing properly made; yet, we insist, at the time of the appointment of the receiver there was no pending suit. The court will observe that there is a broad distinction between what constitutes the commencement of a suit and the pendency of a suit. The appointment of a reciever is an ancillary proceeding, and can only be had when there is a pending suit, *lis pendens.* It is settled law that a suit is commenced upon the filing of the bill, but that it does not become a *lis pendens* until the service of process. *Allen v. Maddeville,* 26 Miss. 399; *Allen v. Poole,* 54 Miss. 332; *Howell v. Spotts,* 80 Ala. 70.

Originally it was held that a receiver could be appointed only after service of process and answer filed. Afterwards the rule was modified so that appointment could be made upon notice, after service of process, but before answer. This has been modified by our statute law so that a receiver may, in proper cases, be appointed without notice. But we know of no statute or decision dispensing with the necessity of service of process upon the defendant. Surely a defendant will not be required to be deprived of his property without the issuance or service of process, unless some statute clearly and specifically authorizes it.

The alleged assignment made by the bank to the receiver shows a friendliness, at least, if not a collusion, between the creditors asking for a receiver and the bank officers, the manifest purpose of which was evidently to deprive creditors of their right of attachment if prossible. However this assignment is without doubt void, because, in the first place it is a general assignment and the law in reference to general assignments was

not complied with. The assignment was executed by the presi-dent, and such an assignment, at most, could only be made by the directors, and by them probably only on authority of the stockholders. There is no pretense that any such authority was ever given.

*Ford, White & Ford* and *May, Flowers & Whitfield,* for appellee.

The only question to be decided on this appeal is, whether or not the appointment of the receiver was void. This is a collateral attack upon the appointment, and of course it must be found to be void before the attack will avail the appellant.

The several grounds upon which appellant assails the appointment are included in this one, namely, that she charges that there was no suit pending in the chancery court, at the time of the appointment of the receiver. It is undisputed that the bill was handed to the clerk by reputable counsel to be filed, and it was marked filed by the clerk and not taken from the clerk's office for several hours, and only then by counsel who carried it from the clerk's office in Jackson county over to Gulfport in Harrison county to be presented to the chancellor.

In this state a chancery suit of this kind is pending from the time the bill is filed in such sense as to give a chancellor jurisdiction to appoint a receiver. *Hardy v. McClellan,* 53 Miss. 511; *Barber v. Manier,* 71 Miss. 726, 15 South. 890; *Pressley v. Harrison,* 102 Ind. 14; *Beach on Receivers,* § 117; *Bank v. Hoyt,* 74 Miss. 221, 229, 21 South. 12.

The bill for appointment of the receiver was filed for the purpose of having the procedure take the proper course; and process was issued on it on the very day it was filed. It was taken from the files of the clerk only for a very short while, and solely for the purpose of its being presented to the chancellor at Gulfport. It does not appear whether a copy was retained by the clerk in compliance with Code 1906, § 512. There is no pretense that the filing of the bill was for any purpose other than

to begin a suit in chancery to recover the claims of the parties complainant therein against the Scranton State Bank and to preserve the property of the bank in which the complainants had an equitable interest. It certainly cannot be earnestly contended that the taking of the bill from the clerk's files in order that it should be carried over to Gulfport for presentation to the chancellor, constituted a legal withdrawing of the *suit* which had been instituted by the previous filing of the bill.

To satisfy the requirement that there must be a suit pending before appointment of a receiver, it is only necessary that a suit shall have been commenced. The requirement is that there be a controversy between the parties asking for the appointment and other persons interested in the property sought to be placed in the hands of the officer of the court. The fine distinction, made by opposing counsel, between a pending suit and a suit that has been instituted, has no importance in the consideration of the question here before this court. There is no controversy here between the receiver and persons who acquired a claim to the property without notice of pending litigation. We are not insisting, nor do we have to show, that there was any pending suit which had advanced to such stage as to constitute constructive notice to third parties acquiring an interest in the property in controversy. We only insist that here was a case in court giving the chancellor jurisdiction to appoint a receiver. 17 Ency. Pl. & Pr. 686.

The application for and appointment of a receiver may be made at the time of filing the bill or at any time thereafter during the pendency of the suit and until its final disposition. *Crowder v. Boone,* 52 Ala. 220; *Bank v. Kent,* 43 Mich. 292; Alderson on Receivers, § 53.

Code 1892, § 574 (Code 1906, § 625), under which the receiver was appointed, would be of little force in a case like this which faced the creditors of the Scranton State Bank on July 27, 1906, if process had to be issued and served before appointment of a receiver could be made. The very reason for the ap-

pointment of the receiver without notice was that the directors had closed the doors of the bank two days before, and the creditors did not know what was being done, the property and affairs of the bank being in the hands of the very people who had wrecked it.

Opposing counsel contends that no bill was ever filed, that the document presented to the clerk was merely an *ex parte* petition, and that no process could properly be issued on it; and that there was no controversy in court between the complainants and the bank. Such contention is too technical. The defendant was named in the caption and in the body of the bill, and its domicile carefully stated therein. Process was issued on the bill on the same afternoon on which the bill was filed, and was served the following morning. If any one could legally raise objection to the form of the bill, it would have been the bank alone. Most certainly such contentions cannot be raised in a collateral attack such as this, after the appointment of the receiver has long been made, after the court has continuously entertained the proceeding and the receiver has been acting under orders of the court, for nearly two years.

Very many of the contentions made by learned counsel for appellant are answered by the case of *Whitney v. Bank,* 71 Miss. 1009, 15 South. 33, 23 L. R. A. 531. See also 2 Pomeroy Eq. Rem. §§ 137, 138.

In the case at bar the chancery court decided that it had jurisdiction; decree *pro confesso* was taken against the bank; the bank itself made an assignment to the receiver for the purpose of facilitating the liquidation of the bank's affairs. The receiver has continued to perform his duties under bond, has brought suits to collect amounts due, acting for the benefit of all creditors; and no one has ever questioned, in the original proceedings, the validity of the receiver's appointment.

CALHOON, J., delivered the opinion of the court.

On July 25, 1906, pending the operation of the Code of 1892, the Scranton State Bank was hopelessly insolvent, and sus-

pended its business, and closed its doors, and was, until the beginning of the preceedings about to be mentioned, in the hands of its directors and managers. It is charged that the fraudulent conduct of these persons had put it in that condition. At 11:30 o'clock of the morning of the 27th of that month certain depositors and creditors of that bank filed their bill against the bank, averring its insolvency and charging the fraud and mismanagement which caused it, and praying for a receiver. This bill remained filed in the chancery clerk's office for about two hours, when one of the attorneys for the complainants took it from the clerk's office and carried it to Gulfport, in order to present it to the chancellor, and at about 3:55 in the afternoon of that day the chancellor appointed the appellee as receiver, who at once made the required bond of $10,000, and at once on that day, the 27th, took possession and control of the property of the bank as receiver. Process on this bill was issued in the afternoon of the 27th, about 4:00 o'clock, and about the time Staples was being appointed receiver by the chancellor. The prayer of the bill is for the appointment of a receiver, with authority to take immediate possession of the property and effects of the bank, and to collect all outstanding obligations to the bank, and to sell and convert into money the same, and that the amount due by the bank to its several creditors be ascertained, and the net proceeds distributed among the creditors of said bank. It will be noted that this prayer is for general distribution, and not for any special lien on behalf of the complainants in the bill, and it will be noted that, while there is a prayer for general relief, there is no prayer specially for process to issue under the bill.

The proper process was in fact issued about 4:00 o'clock on the afternoon of the 27th, as we have said, and delivered to the sheriff on that day; but this process was not executed upon the president of the bank until the morning of the 28th, on which day, at 7:30 o'clock in the morning, the directors of the bank made an assignment to the receiver for the benefit of all the creditors. After the appointment of the receiver, and after this service of process upon the bank, and at 10:00 o'clock in the

morning of the 28th, the appellant, Mrs. Benjamin, as one of
the depositors of the bank, caused an attachment to be executed
on the property of the bank, at which time the receiver, Staples,
was in the actual possession of the property. On this state of
facts, Mrs. Benjamin claims a lien under her attachment against
the property of the bank, and she appeals from a decree adverse
to her in the court below. In her action at law she got her judg-
ment in her attachment suit, but it was agreed by counsel on
both sides that this judgment should be without prejudice to
any claim of the receiver, and would not be attempted to be en-
forced by sale of the property until the chancery court should
make a decree in the premises.

Under this state of facts it is urged, by a very forceful and
skillful argument on the part of the appellant, first, that the
appointment of a receiver was void, because the creditors asking
his appointment had not obtained a judgment nor acquired any
specific lien on the property; second, because the bill was a mere
*ex parte* petition, because it contained no prayer for process,
and the chancery court had no authority to appoint a receiver in
an *ex parte* proceeding; third, because when the receiver was
appointed there was no suit pending, as had to be in order to
empower a chancery court to appoint a receiver, and because the
bill had not been legally filed, and no summons had been issued
or served at the time when the chancellor appoinetd the receiver.

In order to sustain these positions, it would have to be held
that all the proceedings against the bank were absolutely null
and void. To this we cannot subscribe. The bill of the cred-
itors and depositors sets forth a condition of things which jus-
tified the instant appointment of a receiver under Annotated
Code of 1892, § 574, which authorizes immediate appointment
of a receiver without notice, where it appears "that an im-
mediate appointment is necessary, or good cause be shown
for not giving notice." The failure to ask for process in that
bill may or may not have been good ground of demurrer on the

part of the bank, which was the defendant.   The bill shows per-
fectly plainly who the defendants really were, and, if there had
been a demurrer, it may be that the court would have sustained
it, whereupon an amendment might immediately have been
made.   But the present proceeding is not on behalf of the de-
fendant to that bill, but on the application of a third party,
collaterally.   The cases holding that the failure to pray for
process made the bill demurrable were based on Code 1871,
§ 1015, requiring it.   This requirement does not appear in the
Code of 1892.   See section 527.   But, if it did, our ruling
would not be changed, where the attack is by third parties.

Even though it is said in *Whitney v. Bank,* 71 Miss. 1009,
15 South. 33, 23 L. R. A. 531, that the appointment of a re-
ceiver for a bank on its own *ex parte* application is void and
subject to collateral attack, still that case holds that where, un-
der the void appointment, the court has taken control of the as-
sets, an independent creditors' bill, without any liens on the
part of the creditors, for the preservation of the assets, a decree
appointing a new receiver, even if erroneous, cannot be collater-
ally attacked.   We think this case covers the one before us.

The emergency here required immediate action.   It was
taken, and the property was in the hands of the court, through
its receiver, when the attachment was issued and levied.   This
case is wholly different from *Bank v. Hoyt,* 74 Miss. 221, 21
South. 12, 36 L. R. A. 796, 60 Am. St. Rep. 504, where the
creditors' lien attached in the interim, while the bill had not
only been taken out of the office by the attorney, but the clerk
had been instructed not to issue process on it.   Without the
statute, on the emergency, we think the court might appoint a
receiver.   The appointment was not void, and is not subject to
this collateral attack.   The suit was a pending suit when the
attachment was issued.   *Bank v. Hoyt,* 74 Miss. 229, 21 South.
12, 36 L. R. A. 796, 60 Am. St. Rep. 504.   The appointment
of a receiver may be made on the filing of the bill, or at any

time afterwards, during the pendency of the suit, and must prevail, certainly, as against a third party whose attachment was filed after the receiver was in charge under process issued on the bill.

*Affirmed.*