MURRAY, trustee, *v.* MILLER, receiver, *et al.*

This case is controlled by the ruling made in *Strickland* v. *Darsey,* 156 *Ga.* 717 (120 S. E. 7).

No. 3798. NOVEMBER 14, 1923. ADHERED TO ON REHEARING JANUARY 16, 1924.

Equitable petition. Before E. K. Wilcox, judge pro hac vice. Lanier superior court. April 21, 1923.

*J. J. Murray* and *Patterson & Copeland,* for plaintiff.

*Ben Smith, E. D. Rivers, Franklin & Langdale, Dan R. Bruce, John P. & Dewey Knight,* and *Whitaker & Dukes,* for defendants.

ON REHEARING.

HILL, J.   1. We have carefully examined the motion for rehearing, and also the briefs filed by both parties to the motion, together with the authorities cited; and we are still of the opinion that the judgment of the court below should be affirmed.

In the motion for rehearing it is contended that "in the original case of *W. P. Darsey et al.* v. *J. B. and A. J. Strickland,* the plaintiffs are not lien creditors, either by contract or judgment, and for this reason they are not entitled to enjoin their debtor from disposing of property, nor obtain injunction or other extraordinary relief in equity. Park's Code, § 5495." It is further contended that the agreement on the part of the original defendants, J. B. and A. J. Strickland, that a receiver be appointed and injunction granted, while binding on them, would not be binding on the trustee of J. B. Strickland, bankrupt. In the companion case to the present, *Strickland* v. *Darsey,* 156 *Ga.* 717 (120 S. E. 7), this court decided that A. J. Strickland was properly enjoined from going into a bankruptcy court and proving his claim of lien, he being a defendant in the State court and having consented to the appointment of a receiver and having acquiesced in the receivership proceedings; and that the proceedings in the State court had been pending for more than four months prior to the adjudication of J. B. Strickland as a bankrupt. In the instant case J. J. Murray as trustee in bankruptcy brought his petition praying that the court grant a rule nisi directed to T. E. Miller, receiver appointed by the State court, and A. J. Strickland, custodian, requiring them to show cause before the court why the described property should not be turned over to Murray as trustee, and that upon the hearing the

court grant an order authorizing and directing Miller as receiver and A. J. Strickland as custodian to turn over and deliver to Murray as such trustee all of the described property in their possession. After consideration of the evidence and argument of counsel the court below denied the application and refused to grant the order as prayed for. In the petition of the trustee for the order, no attack was made on the validity of the order appointing the receiver and granting the temporary restraining order. In paragraph 6 of the petition of the trustee the following allegation appears: "As will appear from said petition, no affirmative relief is asked of and against J. B. Strickland, but the only affirmative relief is asked against the said A. J. Strickland." In paragraph 16(b) of the same petition is also an allegation as to why the court should grant an order directing the receiver of the State court to deliver to the trustee in bankruptcy all of the assets in his hands as received, viz.: "Because the superior court of Lanier County has no jurisdiction of said case, for the reason that A. J. Strickland, the party against whom the only substantial affirmative relief is prayed, is a resident of Lowndes County, Georgia, and the said A. J. Strickland has no right or authority to consent to the superior court of Lanier County taking and maintaining jurisdiction of said proceedings so far as the rights of petitioner are concerned." It thus appears that the trustee is insisting that the court of Lanier County had no jurisdiction of the case, because A. J. Strickland, one of the defendants, was a resident of Lowndes County. It does not appear from the petition that the court was without jurisdiction to appoint a receiver and to grant an injunction on the ground that the petition of the moving creditors failed to allege insolvency or other facts authorizing the appointment of a receiver and the granting of an injunction.

We are therefore of the opinion, that, having failed in his petition to make such an attack in the lower court on the order appointing a receiver and granting an injunction, the trustee cannot be now heard for the first time to raise that question in this court. We are also of the opinion that the trustee will not be allowed to make a collateral attack on the order of the court appointing a receiver and granting an injunction, where it appears that the court had jurisdiction both of the person and of the res. It will be borne in mind, too, that in a case like the present the suit must

be brought in the county of the residence of the grantor of a deed which is being attacked as fraudulent (*Fourth National Bank of Columbus* v. *Mooty,* 143 *Ga.* 137, 84 S. E. 546), and that was done in the present case. In the case just cited this court held that "A creditor may proceed against his debtor in the superior court of the latter's residence, for judgment on his demand, and in the same action may have cancellation of his debtor's fraudulent deed, if necessary to enforce his judgment, although his debtor's grantee resides in another county, provided the latter is a party to the action. But such creditor cannot maintain an action for his debt, and for ancillary relief of cancelling his debtor's deed in a county of the venue of the debtor's grantee, which is different from that of the debtor, though the debtor be made a party with his grantee." And it seems to be well settled that an order appointing a receiver cannot be collaterally attacked. 4 Pom. Eq. Jur. (4th ed.) 3788, § 1603; Com. Nat. Bank v. Burch, 141 Ill. 519 (31 N. E. 420, 33 Am. St. R. 331); Ludick v. Neville, 287 Fed. 479, C. C. A., 42 Cent. Dig. 282, 287, 290, § 95(a), (b), (c), (d); Holmes v. Knapp Elec. Wks., 59 Ill. App. 58; Storm v. Ermantrout, 89 Ind. 214; Edrington v. Pridhan, 65 Tex. 612; Comer v. Bray, 83 Ala. 217 (3 So. 554); Bagley v. Scudder, 66 Mich. 97 (33 N. W. 47); Olmstead v. Distilling &c. Co., 73 Fed. 44; Bangs v. Duckinfield, 18 N. Y. 592; Gunby v. Armstrong, 133 Fed. 417 (66 C. C. A. 627); McKay v. Van Kleeck, 133 Mich. 27 (94 N. W. 367, 10 Detroit Leg. N. 79); Block v. Estes, 92 Mo. 318 (4 S. W. 731); Andrews v. Steele City Bank, 57 Neb. 173 (77 N. W. 342); 17 First Dec. Dig. 1002-3, § 59 (b), (r), (t), (x); 19 Second Dec. Dig. 956, § 59 (Miss. 1908); Benjamin v. Staples, 93 Miss. 507 (47 So. 425); 2A Am. Dig. Key No. Series, 1740, § 55.

And the Supreme Court of this State has held, in cases where the trustee applies for possession of the property in the hands of the receiver appointed by the State court, that the trustee cannot question or contest the jurisdiction of the State court in appointing a receiver, but that his right to the possession of the property depends solely on the extrinsic fact of bankruptcy. *Young* v. *Hamilton,* 135 *Ga.* 350 (69 S. E. 593, 31 L. R. A. (N. S.) 1057, Ann. Cas. 1912A, 144).

In 1 Pom. Eq. Jur. (4th ed.) 155, § 129, it is said: "The proceedings and judgment of a court of chancery, or of a court clothed

with equity powers, are not necessarily null and void because the action is not one which comes within the scope of the 'equity jurisdiction' in the common acceptation of that phrase, or, in other words, because the claim is one for which there is a full, adequate, and complete remedy at law," etc.   And see Id. 157, § 130.   In Shields *v.* Coleman, 157 U. S. 168 (15 Sup. Ct. 570, 39 L. ed. 660), it is held: "Even if a bill which seeks, as one of its objects, the appointment of a receiver, is imperfect, so as to require amendments to make it a complete bill in all respects, it does not follow that the court is without jurisdiction to make the appointment. On the contrary, when the court adjudges the bill sufficient, and makes the appointment, that appointment cannot be questioned by another court, or the possession of the receiver be disturbed."   A plea to the jurisdiction is a personal plea, and the defendants, J. B. and A. J. Strickland, are the only ones who could raise this question; and when the hearing of the petition in the State court was had on June 17, 1922, the defendants, A. J. and J. B. Strickland, consented to the appointment of a receiver and the granting of the temporary restraining order.   We are therefore of the opinion that the trustee in bankruptcy cannot successfully make a collateral attack on the legality of the order appointing the receiver and granting an injunction; and this being so, the seizure of the property by the receiver of the State court is legal, and he cannot be deprived of such possession by the trustee in bankruptcy.

2. The bankruptcy act of 1898 being a Federal statute, the construction placed on it by the Federal courts will be binding.   5A Am. Dig. Key No. Series, 544, § 97(5) ; 5 Am. Dig. Dec. Ed. 2108, § 97(5), (b), (m).   "It is a well-settled rule of jurisprudence which has been followed by this court since its earliest history, as pointed out by Chief Justice Jackson in *Clark* v. *Turner,* 73 *Ga.* 1, to construe all statutes of a sister State, as well as the statutes of the United States, in accordance with the meaning and construction placed upon them by the court of these foreign jurisdictions." *Bugg* v. *Consolidated Grocery Co.,* 155 *Ga.* 552, 553 (118 S. E. 56).   "The decision of the United States Supreme Court is binding on the State Supreme Court on questions as to the construction of the Federal bankruptcy law."   6 Second Dec. Dig. 1387, § 97(5) (Tex.) ; Bank of Garrison *v.* Malley, 103 Tex. 562 (131 S. W. 1064).   The right of the trustee in bankruptcy to the pos-

session of the property in controversy in this case is to be determined by a proper construction of section 67(f) of the bankruptcy act, and the construction placed on it by the decisions of the Federal courts will be binding. That section provides as follows: "All levies," etc., "obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void, in case he is adjudged a bankrupt," etc. It will thus be seen that it is only those levies made within four months prior to the bankruptcy that shall be considered null and void. In Blair v. Brailey, 221 Fed. 1 (136 C. C. A. 524), the Federal court decided in effect that taking possession of property by a receiver was equivalent to a levy within the meaning of section 67(f) of the bankruptcy act. It was there said: "There was a 'levy' within the meaning of that term as is used in 67(f) of the bankruptcy act." It was further said: "When a court having jurisdiction of the parties and subject-matter has taken property into its possession, such property is thereby withdrawn from the jurisdiction of all other courts, and the court so in possession has an ancillary jurisdiction to hear and determine all questions respecting the title, possession, or control of the property, though that court is not one of bankruptcy, and though the property so in its possession is part of the estate of one who was adjudged a bankrupt on a petition filed in a court of bankruptcy after the first-mentioned court's possession was acquired." The controlling question in the Brailey case, as in the present, was the question of levy or seizure by the receiver in the State court of the property more than four months prior to the bankruptcy proceedings, and this levy or seizure gives the court jurisdiction and the authority to retain jurisdiction of the res for the purpose of administering the assets. There is nothing in the Brailey case showing that the plaintiffs were lien creditors more than four months old. The Brailey case, as was said in *Strickland* v. *Darsey,* supra, was sustained in effect by the Supreme Court of the United States on certiorari.

3. It is contended by plaintiff in error that an adjudication of the rights of the parties in the instant case in the State court would not determine the rights of other creditors not parties to the case, and that there would not, therefore, be an equal distribution of the assets in the hands of the receiver. The Civil Code

(1910), § 5478, provides that, "Where property has been placed in the hands of a receiver, all persons properly seeking to assert equitable remedies against these assets should become parties to the cause by intervention, and prosecute their remedies therein." Indeed, in the case of *Clarke* v. *Ingram,* 107 *Ga.* 575 (33 S. E. 802), it was held by this court that creditors would not be allowed to institute an independent proceeding to set aside a fraudulent conveyance, but that they must intervene in the case already filed for that purpose. Creditors, therefore, not parties to the proceeding, not only have the right, but are required, to intervene and set up their claims, and will not be permitted to institute separate actions for that purpose. The plaintiffs in error rely on the case of *Bowen* v. *Keller,* 130 *Ga.* 31, 34 (60 S. E. 174, 124 Am. St. R. 164). By reading that case it will be observed that there was no conflict between two courts as to jurisdiction, as in the present case; and therefore that case is not in point. The first headnote in that case is as follows: "Where a creditor without lien, who had notice of the proceedings in bankruptcy, held a debt dischargeable in bankruptcy, against which all exemption and homestead rights had been waived by the debtor who was adjudicated a bankrupt, and the creditor filed, before the bankrupt's discharge, a proceeding in equity to obtain a judgment in rem against property set apart as exempt by the trustee in bankruptcy, in which proceeding a receiver was appointed for such property and an interlocutory injunction granted against the debtor's interference with the property, it was proper, upon the trial of the case instituted by the creditor, to uphold the debtor's plea that his discharge, obtained pending the creditor's proceedings in equity, prevented the creditor from obtaining a judgment in rem against the exempted property and subjecting it to his debt."

4. In Norman *v.* Williams, 38 Am. Bkr. R. 770 (240 Fed. 788), the rule is stated as follows: "There can be no doubt that if the State court acquires jurisdiction more than four months before the bankruptcy petition is filed, its jurisdiction cannot be interfered with." And see 1 Collier on Bankr. (12th ed.) 294, 554, 555. It appears from the record in this case that certain creditors of J. B. Strickland filed suits against him to the January term, 1922, of Lanier superior court, and no answers were filed in these cases, and they were therefore in default. On July 8, 1922, the defendants,

A. J. and J. B. Strickland, filed an ancillary bill and presented the same to Judge Thomas, who restrained and enjoined the creditors of J. B. Strickland from filing any new suits against him, and from prosecuting the suits already commenced against him. On the trial of the present case the following agreement was entered, into: "It is stipulated and agreed by counsel for the applicant, J. J. Murray, as trustee, and counsel for T. E. Miller, receiver, that since the granting of injunction dated July 18, 1922, on the ancillary bill of J. B. and A. J. Strickland, filed in the above-stated case, that no suit has been filed by any creditor against J. B. Strickland and no pending case prosecuted to any extent; but that all creditors, in obedience to said restraining order, held all suits in the same status as they were at the time of the granting of said restraining order." It will thus be seen that creditors who had already filed their suits against J. B. Strickland were prevented from obtaining a verdict and judgment on their suits at the July term, 1922, of Lanier superior court, and that J. B. Strickland entered into a contract lien executed to A. J. Strickland, involving all the property in the original litigation. Soon after this contract was made, J. B. Strickland filed his voluntary petition in bankruptcy, and this was recorded in Lowndes County on January 4, 1923, and in Lanier County on January 5, 1923, and was filed with the clerk of the U. S. court at Valdosta on January 6, 1923. On January 8, 1923, J. B. Strickland was adjudged a bankrupt, during a term of Lanier superior court. Thus was brought about the conflict in the jurisdiction of the State and Federal courts. On February 10, 1923, A. J. Strickland and J. B. Strickland dismissed their ancillary petition in which an injunction had been granted as above set out; and the unsecured creditors of J. B. Strickland are seeking to have the property in controversy administered in the State court through its receiver for the benefit of the creditors of J. B. Strickland, and on the other hand the trustee in bankruptcy is asking that the assets in the hands of the receiver of the State court be turned over to him. In view of all the facts and circumstances of this case, we are of the opinion, as we were in the case of *Strickland* v. *Darsey*, supra, that the court below was right in not granting an order requiring the receiver to turn over the property in his hands to the trustee in bankruptcy. It follows from what has been said that the State court, having obtained jurisdic-

2

tion of the res more than four months prior to the adjudication in bankruptcy of the bankrupt, has the right to retain jurisdiction and to administer the property for the benefit of the creditors. Where a party has a right which can be enforced in a court of equity, the court will frame appropriate remedies to protect that right. Civil Code (1910), § 5506; *Bell* v. *Dawson Grocery Co.,* 120 *Ga.* 630 (48 S. E. 150). And see 1 Pom. Eq. Jur. (4th ed.) 163, 135.        *Judgment affirmed.  All the Justices concur.*