GOODWIN, guardian, *v.* BOWERS, guardian, *et al.*

No. 6857. September 11, 1929.

*H. H. Anderson* and *J. M. Lang,* for plaintiff in error.
*William E. & W. Gordon Mann,* contra.

Russell, C. J. A motion was made to dismiss the writ of error, upon the grounds that the Fidelity and Deposit Company of Maryland, a material party defendant in the cause in the court below, was not served with the bill of exceptions, did not waive service, and service was not acknowledged for that company by any one authorized so to do; and (2) that it had not been made a party in the Supreme Court. In support of the motion the cases of *Latch* v. *Latch,* 147 *Ga.* 432 (94 S. E. 556), and *Davis* v. *Walters,* 140 *Ga.* 229 (78 S. E. 838), were cited. Many more

decisions in support of the grounds of the motion to dismiss as worded could be cited; but in our opinion the motion to dismiss is not well taken. It may be stated, as a general rule, that failure to make a person interested in sustaining a judgment excepted to a party to the bill of exceptions and to serve such person with a copy thereof, or procure an acknowledgment of service and consent that the case be heard in this court, results ordinarily in a dismissal of the writ of error. As pointed out in *Quitman Oil Co.* v. *Peacock,* 14 *Ga. App.* 552 (81 S. E. 908), "Where one who is an essential party to a bill of exceptions is not made a party thereto and is not duly served, the writ of error will be dismissed," but, as occurred in that case, it transpires from an inspection of the record in this case that the Fidelity and Deposit Company, though a necessary party in the trial court, is not longer an essential party here. The company was surety upon the bond of R. Noel Steed as administrator of the estate of Frank Dunn, deceased, but the lower court, before the rendition of the judgment of which complaint is made here, had directed the administrator to be discharged upon payment of the fund in his hand to the clerk of the court, with whom the fund had already been deposited to await the order of the court, and had made definite disposition of the fund by tolling it for attorney's fees and costs, and directed the investment of $3600 in certain described lands in Murray County, Georgia. Having released and discharged the administrator, the Fidelity and Deposit Company, as surety on his bond, was no longer concerned in the litigation between the two contestants for the fund which had been paid into court.

The essential question for decision under this writ of error is whether it was beyond the power of the court to stay the proceeding in the court of equity, in order that the intervening guardian might comply with the law which requires that there should be twenty days' notice given, as provided in sections 3107, 3108, 3109 of the Code; or whether the court of equity, having concurrent jurisdiction with the court of ordinary of the persons and subject-matter, should not have proceeded to direct that the funds be paid over to the Michigan guardian of the wards, who are resident of the State of Michigan. It is insisted that Goodwin, the foreign guardian, could not proceed under the intervention filed by him, because he had not given twenty days' notice, as required by the

provisions of section 3107, par. 3, of the Code of 1910, of his intention to apply for possession of the property of his wards in the hands of Steed, the administrator. It appeared that the conditions required by section 3107 had not been complied with, and it was therefore insisted that Goodwin was not entitled to receive the funds or property of the minor wards. The trial court took this view of the matter, and upon oral motion for that purpose dismissed the intervention of Goodwin, the Michigan guardian. It seems that, prior to the filing of the intervention by the Michigan guardian, the court had passed an order authorizing Bowers, the Murray County guardian, to invest the fund belonging to the minors in Murray County real estate, upon which order Bowers had acted in negotiating for or contracting for 118 acres of land at the purchase-price of $3600. However this negotiation or contracting might eventuate, and especially if there should be a loss on account of the purchase of the real estate and its transformation into money, the loss should not be borne by these minor wards. Minors are the wards of chancery, and it is the first duty of a court of equity to protect them from harm and loss. Courts of equity have concurrent jurisdiction with the court of ordinary in all trust estates, as well as in the administration of the estates of deceased persons. Bowers, as plaintiff, brought his action in the superior court to secure possession of this fund as guardian of the minors. When Goodwin filed his application to intervene for the purpose of showing the superior right to the fund in equity, it was unnecessary to send the party back to the court of ordinary and have that question adjudicated. Having all parties before it, equity was well prepared and empowered to hear all the facts and do complete justice. Under the provisions of section 3113 of the Civil Code (1910), Goodwin was not required, in the circumstances, to start a new proceeding in the court of ordinary. "Any guardian or trustee who resides out of this State, and who is regularly appointed as such in the State in which he resides, may institute his suit in any court of this State to enforce any right of action or recover any property belonging to his ward or cestui que trust, or accruing to said guardian or trustee as such." The court did not err in allowing the intervention of Goodwin. Civil Code (1910), § 5473. The intervention having been allowed, and equity having jurisdiction to enforce the right set forth therein,

the court could have framed appropriate remedies to protect that right. *Murray* v. *Miller,* 157 *Ga.* 11, 18 (121 S. E. 113), and cit.

In the intervention of Goodwin, guardian, which was stricken and dismissed on oral motion, it was alleged that the fund before the court was required to support and educate these minors. It may well be imagined that farming land at the present time can not be conveniently converted into cash without loss to the education of these children. As said in *Ponder* v. *Foster,* 23 *Ga.* 489, 491, "These children are entitled to a support and education from their deceased father's estate, and a court of chancery is the appropriate tribunal to hear their application, and determine what is right and proper for them, as well as to examine into the charges exhibited by their guardian against them. A court of chancery alone can decree to them an annual or semi-annual allowance, in a manner to protect them from imposition on the one hand, and on the other to secure to them the means of future support, maintenance, and education, suitable to their circumstances. According to the bill, they are out of the jurisdiction where their property is; and it may be . . that the court or a master should report what is fit and proper for them, as an allowance; and that the defendant should be required to deposit in court the amount, at such times as the court may direct, for the use of the wards of complainant. The common-law courts afford no adequate remedy in such cases." The sum before the court appears to have fallen to these twin boys in compensation of their father's military service in the World War and his subsequent death; and according to the pleadings undenied, Goodwin, the guardian of the persons of these minors, needed this money for their support and benefit while they were still young enough to be educated. To award the fund to a Georgia guardian and permit him to invest in real estate which will require perhaps additional attorney's fees, besides considerable delay and also shrinkage in value before it can be made available for the support and education of these minor wards, under the facts of this record, does not seem to be in accord with the principles of equity. The court should have permitted a hearing upon the facts, and should not have sustained the motion to dismiss the intervention, but should have entertained it and exercised his discretion in awarding judgment in accordance with the facts adduced upon the hearing.

*Judgment reversed. All the Justices concur.*