HICKS et al. v. SHARP, and vice versa.

89   311
94   626
89   311
s102 548

1. A conveyance by a man to his daughter and her husband, purporting to be founded on a valuable consideration, cannot be impeached for fraud by declarations of the maker, whether before or after its execution, to the effect that the real consideration was for value as to one half of the premises, and for love and affection as to the other half, the declarations having been made when the grantees were in possession and the grantor out of possession.

2. In a claim case, where a deed from the defendant in *fi. fa.* to the claimants, purporting to be founded on a valuable consideration, is attacked by the creditor as fraudulent because in part voluntary, an interrogatory by the latter to one of his witnesses is leading when couched in these terms: " State whether or not Turner (defendant in *fi. fa.*) gave his daughter (one of the claimants) one half of the land."

3. Where badges of fraud other than relationship are proved, the rule applies between father and daughter, and between father-in-law and son-in-law, that the conveyance is to be scanned closely, etc.; but until such badges appear, the rule has no application. It is not accurate to instruct the jury in general terms that " If you believe from the evidence that it was a transaction between father-in law and son-in-law or between father and daughter, then the transaction should be scanned with care and caution, and the *bona fides* of the transaction should be made clearly to appear before you find in favor of it being a *bona fide* transaction." This should be qualified by telling the jury that it is for them to de-

termine from the evidence whether or not badges of fraud have been shown which call for rebuttal or explanation.

4. Where there is no evidence that the plaintiff gave permission to his debtor to sell the property in question, it is not error to decline to charge the jury on that assumption.

5. The objections, if any, made to the introduction of evidence not being disclosed in the motion for a new trial, these grounds of the motion will not be considered.          *Judgment reversed.*

May 16, 1892.          *On cross-bill of exceptions, affirmed, with directions.*

Fraudulent conveyance. Evidence. Debtor and creditor. Charge of court. Before Judge BOYNTON. Newton superior court. September term, 1891.

A *fi. fa.* in favor of Sharp against Turner was levied upon certain land known as the Oak Hill place. Hicks and his wife interposed their claim. They relied on a deed made to them jointly by Turner several years before the date of plaintiff's judgment. The plaintiff insisted that the deed was void as to creditors, for that Turner was insolvent when he made it, that he made it to hinder and delay his creditors, and that only one half of the land had been sold to Hicks, and the other half was given to Mrs. Hicks when Turner was insolvent. The jury found one undivided half-interest in the property subject, and the other not subject. Plaintiff and claimants made motions for new trial, both of which were overruled, and both sides excepted.

One Buchanan testified that in 1884 or 1885 Hicks told him that Turner gave to Hicks' wife half of the land in dispute, and that he bought the other half. Mrs. Hicks was not present when this statement was made. One Veal testified that he had a conversation with Turner when in life, in which Turner said he had given half of the land in dispute to Mrs. Hicks, his daughter, and had sold the other half to her husband. Neither Hicks nor his wife were present at this conversation, and it occurred long after they had gone into possession of, and had made improvements on the land. One Smith testified to a similar declaration by Turner made under

like circumstances.    One Livingston testified as follows :
I was present at the trial of the other claim case, heard
Turner testify and remember the substance of his testi-
mony.    He is dead.    He testified that he was worth in
1883 and 1884, above all of his indebtedness, after he
had sold the place to Hicks, from $1,200 to $2,000; that
he sold the place outright to Hicks, and that no part of
it was given to his daughter ; that he asked Sharp
(plaintiff) if he might sell the place to Hicks, as Sharp
had a mortgage on it; that he could not have sold it for
more than $500 ; and that he had sold it a little less to
Hicks than he would have sold it to any one else, be-
cause Hicks was his son-in-law.

1.  The claimant's motion for a new trial alleges that
the verdict is contrary to the following charge of the
court, for, without considering proof of Turner's dec-
larations, the jury could not have found that any part
of the property was given to Mrs. Hicks: "If you be-
lieve from the evidence that Turner had sold the land
to Hicks and parted with the title and possession, and
Hicks had possession, then no declaration made by
Turner about giving a part of the land could be con-
sidered by you, and you should not consider such proof
of declarations by Turner; but if made before he parted
with the title and possession, then you can consider
them."    It is alleged in this ground that the proof
shows that all of the alleged declarations by Turner
were made after he parted with the possession and title.
It is also alleged that the court erred in refusing to give
the following instructions as requested : "Unless the
evidence shows that Mrs. Hicks was present and heard
the alleged conversation between Buchanan and Hicks
about a gift of a part of the land by Turner to Hicks,
then you should not consider such evidence.    If you
believe from the evidence that Turner had sold the land
to Hicks and parted with the possession, and Hicks has

possession, then no declarations made by Turner about giving a part of the land could be considered by you."

2. Error is assigned in overruling the objection to a part of the interrogatory propounded to Buchanan, in which he was asked: "State whether or not Turner gave his daughter one half of the land." This question was objected to as leading, which objection was made in writing upon the interrogatories before they were executed.

3. Another ground is, that the court erred in charging: "If you believe from the evidence that it was a transaction between father-in-law and son-in-law, or between father and daughter, then the transaction should be scanned with care and caution, and the *bona fides* of the transaction should be made clearly to appear before you find in favor of it being a *bona fide* transaction."

4. Error in refusing to charge : "If you believe from the evidence that C. W. Turner went to Sharp, the plaintiff, and got his permission to sell the land to Hicks, and if he afterwards sold the same to Hicks, then the plaintiff cannot complain of such sale, if it was made in good faith and free from fraud."

5. The remaining grounds of the claimants' motion, and the only special ground of the plaintiff's motion assign errors upon the admission of testimony over stated objections, without alleging that such objections were made when the evidence was offered.

HALL & HAMMOND, for claimants.

G. W. GLEATON and CAPERS DICKSON, *contra*.