## COULTER v. LUMPKIN.

1. Where in the trial of an equitable action the main and con-
trolling issue was whether or not a fraudulent scheme of the.
nature below indicated had been entered into between the de-
fendant and a brother for the purpose of defrauding the latter's·
creditors, it was competent for the plaintiff to prove that this.
brother had separated from his wife, that she had brought
against him an action for alimony, and that, shortly after the.
separation and before this action was begun, the husband had
executed to the defendant various conveyances, the effect of`
which was to place all, or nearly all, of the grantor's property
beyond the reach of creditors; this evidence being supple--
mented by other evidence ·tending to show that the convey-
ances in question were really executed in anticipation of the·
suit by the wife and in pursuance of the alleged fraudulent.
scheme.

2. While the defendant's knowledge of the pendency of the ali--
mony suit would not, without more, have been sufficient to
invalidate, ·as fraudulent, a mortgage given to him by the hus-
band after this suit was begun, the facts that this suit was·
pending and that the defendant had notice of it when he took
the mortgage were relevant circumstances to be considered by·
the jury in connection with all the other facts in the case.

3. The court in admitting the testimony referred to in the pre--
ceding note limited, by appropriate instructions to the jury,
the purpose for which they could properly consider it; and this,
in the absence of any request for more specific instructions
upon this point, was sufficient.

4. There being ample evidence to support the verdict in favor of`
the plaintiff, the trial judge being satisfied therewith, and this
being the third finding for the plaintiff, this court will not.
disturb it.

Argued April 13,—Decided May 5, 1897.

Equitable petition. Before Judge Turnbull. Walker·
superior court. August term, 1896.

*C. P. Goree, I. E. Shumate* and *R. M. W. Glenn*, for
plaintiff in error. *Lumpkin & Shattuck, Copeland & Jack--
son, Z. D. Harrison* and *H. C. Peeples*, contra.

FISH, Justice.

This is the third time that this case has been before this
court. Under the decisions heretofore rendered in it (see·

88 *Ga.* 277, and 94 *Ga.* 225) the sole question remaining for determination by the jury was whether the mortgage which the plaintiff attacked was fraudulent or not.   This question the jury at the last trial of the case decided in favor of the plaintiff; whereupon the defendant made a motion for a new trial, which was overruled, and the defendant excepted.   It is therefore only necessary now to state the substance of so much of the pleadings in the case as related to and bore upon this question.   The plaintiff brought his equitable petition against W. H. Coulter, wherein he alleged, among other things, that, under and by virtue of a decree for permanent alimony in favor of Clara Coulter against her husband, O. L. Coulter, the sheriff had levied upon and sold a one sixth undivided interest in lot of land No. 169, in the 12th district and 4th section of Walker county, as the property of O. L. Coulter; that at such sale plaintiff had purchased the property sold, paid for it and taken the sheriff's deed thereto; that, pending the suit for alimony, O. L. Coulter and his brother W. H. Coulter had colluded for the purpose of defeating the wife's application for alimony and the decree rendered thereon; that, in pursuance of this purpose, O. L. Coulter, who was the owner of this property, had given W. H. Coulter a fraudulent mortgage thereon, which mortgage contained a power of sale, authorizing the mortgagee, in the event that the debt which the mortgage purported to secure was not paid at maturity, to sell the mortgaged property at public outcry; that the mortgagee had, under this power of sale, sold said land and had himself become the purchaser thereof, and was in possession of the same; that at the time that the mortgage was executed the mortgagee had notice of the pendency of the alimony suit.   The petition prayed that said fraudulent sale be set aside, that the mortgage be cancelled, and that the title to the land in dispute be decreed to be in the plaintiff. By amendment to the petition the plaintiff, in effect, charged that the execution of this mortgage was but a part of a

general scheme between O. L. Coulter and W. H. Coulter to defeat Mrs. Clara Coulter in her suit for alimony and to prevent the enforcement of any decree rendered thereon; and also alleged, "that immediately after the separation of O. L. Coulter and Clara Coulter, said W. H. Coulter, in collusion with said O. L. Coulter, took, at various times, conveyances from O. L. Coulter until he had conveyed to him all the property of said O. L. Coulter, for the express purpose of covering up said property to defeat said judgment" in the alimony suit. The defendant by his answer admitted the execution of the mortgage upon said property, denied that it was made for the purpose alleged by the plaintiff, but alleged that it was made by O. L. Coulter, bona fide, to secure a pre-existing debt which O. L. Coulter owed him for money he, the defendant, had loaned him prior to the separation of O. L. Coulter and his wife. He admitted the sale of the land at public outcry, under the power contained in the mortgage; denied that the sale was fraudulent, and denied that he had purchased the property at said sale.

1. It is alleged that the court erred in admitting in evidence, over the defendant's objection, the original petition in the suit for alimony, the objection being that it was irrelevant. Error is also alleged, because the court admitted in evidence certain deeds to various lots of land, from O. L. Coulter to W. H. Coulter, and a bill of sale or assignment of various choses in action from O. L. Coulter to W. H. Coulter, which were objected to by the defendant as being irrelevant. It was part of the plaintiff's case, as made by the pleadings, to prove that, before the execution of the mortgage which he attacked as fraudulent, there had been a separation of the husband and the wife and a suit for alimony begun by the latter. To charge that a deed was made for the purpose of defeating and defrauding creditors, without proving the existence of any creditor, would be futile. So to charge that a mortgage was made by a husband, pending his wife's application for alimony, for the purpose

of defeating her in her effort to obtain alimony from his estate, without proving that there ever was any application for alimony, would be equally useless. Proof of the separation of the husband and wife, and proof of the pendency of the suit for alimony at the time that the mortgage was given, tended to show that there was an indebtedness, in favor of the wife, impending against the husband at that time. The plaintiff's theory was that the mortgage was made by the husband to defeat the collection of this imminent indebtedness by process of law, and that the mortgagee knew of this intention on the part of the husband and participated in it. Therefore, proof of the separation of the marital pair before the execution of the mortgage, and of the pendency of this suit for alimony when it was executed, was material and relevant to support these contentions. The petition in the alimony suit showed, by the official entries thereon, taken in connection with the date of execution appearing on the mortgage, that that suit was pending for some months prior to the giving of the mortgage. It was therefore relevant evidence, and there was no error in admitting it. Nor was there error, under the allegations in the petition as amended, in admitting in evidence the deeds and the bill of sale from O. L. Coulter to W. H. Coulter. The main and controlling issue in the case, under the pleadings, was whether or not a fraudulent scheme had been entered into between the defendant and his brother to defeat the claim of the latter's wife for alimony. The plaintiff charged and undertook to show the existence of such a scheme, and that the execution of the mortgage was in pursuance thereof. He alleged that, immediately after the separation of the husband and wife, the defendant, in collusion with the husband, took from the latter conveyances of all of his property, for the purpose of covering up the property to defeat the judgment in the alimony suit. The dates upon the bill of sale and the deeds showed that they each purported to have been executed on the 16th of June,

1885; other evidence in the case showed that the separation between O. L. Coulter and his wife took place on June 15th, 1885. The suit for alimony was filed on June 22d, 1885, and the mortgage in question was dated November 23d of the same year. By the will of J. J. Coulter, the grand-father of O. L. and W. H. Coulter, which was introduced in evidence by the defendant, it appeared that at the time that these deeds and this bill of sale were made O. L. Coulter had only an estate in remainder in the one sixth undivided interest in lot No. 169, his father having at that time a vested life-estate and his mother a contingent life-estate in the whole of said lot. W. H. Coulter, the defendant and the brother of O. L. Coulter, testified that his father and his mother both died in 1885, after the 16th of June. The fact that these deeds, this bill of sale and this mortgage had been made by O. L. Coulter to the defendant, the times when these several instruments were executed, together with evidence which showed that, taken together, they covered practically all of the husband's property, were circumstances which, considered in connection with the evidence as to the separation of the husband and wife and the institution of the suit for alimony and other testimony in the case, tended to support the plaintiff's theory of a fraudulent scheme between O. L. and W. H. Coulter to prevent the wife from collecting whatever amount she might recover in her suit against her husband. The plaintiff, therefore, had the right to have this evidence submitted to the jury, and the court properly admitted it.

2. The introduction in evidence of the petition in the alimony suit was followed by testimony which showed that the defendant had been, by order of the court, made a party defendant thereto; and although he had not been legally served with process in said suit, he had, in consequence of an effort to perfect service upon him therein, actually received a copy of said petition, some weeks prior to the execution of the mortgage, and had carried it to his attorney. The

schedule of property belonging to the husband set out in the alimony suit did not include the property the title to which is in dispute in the present case. This court decided in the 94 *Ga.* 225, in this same case, "that a creditor of the husband who, whilst a suit is pending against the latter for alimony, takes bona fide, without fraud on his part or any notice of a fraudulent object by his debtor, or any reasonable grounds of suspicion, a mortgage upon property not embraced in the pleadings of the pending suit, to secure a pre-existing debt, has priority over the lien of the judgment or decree for alimony subsequently rendered, the same as he would have over the lien of a judgment in favor of an ordinary creditor of the mortgagor, notwithstanding he knew when he took the mortgage that the suit for alimony was pending." In the light of this decision, on the last trial of the case in the court below the question as to the priority between the lien of a valid mortgage executed during the pendency of the suit for alimony, and the lien of the decree subsequently rendered in said suit, was not before the court; but the question squarely presented and determined was, whether the mortgage was made by the husband with intent to defeat his wife's claim for alimony and was taken by the mortgagee with knowledge of, or reasonable grounds to suspect, such intention on the husband's part. Therefore, while mere knowledge by the defendant of the pendency of the alimony suit, without more, would not have been sufficient to invalidate, as fraudulent, the mortgage given to him by the husband after this suit was begun, still the fact that the defendant had notice of the pendency of this suit when he took the mortgage was a relevant circumstance to be considered by the jury, in connection with all the other facts in the case. Had the plaintiff, who undertook to show that the mortgage was made for the purpose of defeating the wife's application for alimony, failed to show that the mortgagee had notice of the pend-

ency of such application, or at least had reasonable grounds: to suspect that such a suit had been or was likely to be filed, a complete reply to the plaintiff's contention, on the part of the mortgagee, would have been that he could not be held to have taken the mortgage with knowledge of, or reasonable grounds to suspect, an intent on the part of the mortgagor to defeat a claim of which, so far as the evidence disclosed, he was totally ignorant and the existence of which he had no reason to suspect or to anticipate. Therefore, to show that the suit for alimony was pending at the time that the mortgage was executed and that the mortgagee had actual notice thereof, was a circumstance which tended to strengthen the plaintiff's theory and which he was entitled to have considered by the jury.

3. The defendant complains because the court, in its charge, "failed to give the jury any instructions as to the purpose for which said petition was admitted in evidence." When this evidence was offered by the plaintiff and objected to by the defendant, the court specially instructed the jury that it was no evidence of the allegations contained in the petition, but was simply admitted to bear upon the question as to whether or not the defendant had notice of the pendency of the suit for alimony. This, in the absence of any request for more specific instructions upon this point, was sufficient to properly limit and define the purpose for which the jury could consider it. It is alleged that the court erred in failing to give the jury any instructions as to the purpose for which the deeds and the bill of sale were allowed to go before them. There is no merit in this exception, for it does not appear that the defendant asked for any instructions upon this point, and the purpose for which said papers were introduced and allowed in evidence was apparent from the allegations in the pleadings.

4. There being ample evidence to support the verdict in favor of the plaintiff, the trial judge being satisfied there-

with, and this being the third finding in favor of the plaintiff, this court will not disturb it.

*Judgment affirmed. All the Justices concurring.*