STRICKLAND *et al. v.* DARSEY *et al.*

Where certain creditors filed an equitable petition in a State court to set aside an alleged fraudulent conveyance made by a debtor to his transferee, and pending such action, in which a receiver was appointed by consent (and no exception was taken or other attack made on such judgment), who took charge of the property, and a temporary injunction was also granted, etc., the debtor was adjudged a bankrupt, and the transferee was proceeding to prove his secured claim of lien in the bankruptcy court; and where the creditors filed an ancillary petition

alleging that the original petition, appointment of receiver, etc., had been filed more than four months prior to the bankruptcy proceedings, and prayed for an injunction to prevent the transferee from proving his claim of lien, the State court had jurisdiction of such suit and could enjoin such proceeding in a proper case made.

No. 3767.   November 14, 1923.

Equitable petition.   Before E. K. Wilcox, judge pro hac vice. Lanier superior court.   February 23, 1923.

W. P. Darsey et al. filed an equitable petition against J. B. Strickland and A. J. Strickland, in which they sought to set aside an alleged fraudulent deed executed by J. B. Strickland to A. J. Strickland on April 4, 1922, conveying all of his property. It was alleged in the petition that by the execution and delivery of that deed J. B. Strickland rendered himself insolvent. The plaintiffs prayed, among other things, that a receiver be appointed to take charge of the property conveyed by the deed, and that the defendants be restrained and enjoined from encumbering, conveying, or otherwise changing the status of the title to the property until the trial and disposition of the case. The court appointed a temporary receiver, and granted a restraining order as prayed; and on June 13, 1922, both defendants made a general appearance and answered the petition. On June 17, 1922, the court, by consent of counsel for plaintiffs and defendants, granted an order continuing the restraining order in force until the final trial, and appointing T. E. Miller permanent receiver. In the same order A. J. Strickland was authorized to act as custodian of the property, and was empowered to cultivate the farms, market the crops, and to do other things specified in the order; and was directed to turn over and deliver to the receiver, on the 15th day of each month, all money that might come into his hands, after paying operating expenses. A. J. Strickland accepted the appointment and took charge of the property, acted as custodian of the same, and made reports to the receiver from time to time as he was required to do by the order. J. B. Strickland was adjudicated a bankrupt on January 8, 1923. On February 10, 1923, the plaintiffs in the original petition filed an ancillary bill in which they prayed that A. J. Strickland be enjoined from setting up and proving a claim in the matter of J. B. Strickland, bankrupt, pending in the district court of the United States for the southern district of Georgia, southwestern division. It is alleged in the

ancillary petition that the claim of A. J. Strickland is fraudulent, and, if set up and established by a judgment rendered in the bankruptcy court, will become a lien upon the property now in the hands of the receiver appointed in this case. The court below, Hon. E. K. Wilcox, judge pro hac vice, granted a temporary injunction, enjoining A. J. Strickland from setting up and establishing his claim of lien in the bankruptcy court as prayed.

In granting the injunction the court, after stating substantially the above facts, rendered an opinion as follows:

" The court is of the opinion that inasmuch as the said A. J. Strickland, by his counsel of record, consented to the order of June 17, 1922, appointing a permanent receiver, and accepted the appointment and acted as custodian of the property, and has invoked the aid and protection of this court by the application for the restraining order granted by Judge Thomas on February 10, 1923, he is estopped from raising any question as to the jurisdiction of this court to entertain the suit and protect and administer the property. The plaintiffs' suit was filed and the receiver and custodian were appointed and placed in charge of the property more than four months before J. B. Strickland's petition in bankruptcy was filed. The contract, which is the basis of A. J. Strickland's claim of lien, which he is undertaking to set up and establish in the bankruptcy court, is an encumbrance placed on the property apparently in violation of the restraining order to which he consented. If he is allowed to set up and establish his claim of lien in the bankruptcy court before the trial and disposition of this case, the status of the title to the property will be materially changed, and the rights of the plaintiffs and others who have intervened in the suit will be seriously affected. It seems to be the general rule that where a court of equity lawfully acquires dominion over property, it has exclusive jurisdiction to adjudicate claims for liens upon it, and may, by injunction, protect the property and the title from suits or other proceedings in other courts. It is therefore, upon consideration, ordered that the restraining order granted on the plaintiffs' ancillary bill on February 3, 1923, be and the same is hereby continued in force until the further order of the court; and the defendant, A. J. Strickland, is hereby restrained and enjoined from setting up and proving or attempting to set up and establish his claim of lien in the bankruptcy court as prayed." To this judgment the defendants excepted.

*John P. & Dewey Knight, Whitaker & Dukes,* and *C. L. Smith,* for plaintiffs in error.

*E. D. Rivers, W. R. & Ben Smith, Dan R. Bruce,* and *Franklin & Langdale,* contra.

HILL, J. (After stating the foregoing facts.) The controlling question in the case is whether a State court, which has appointed a receiver and granted an injunction against one who is subsequently adjudicated a bankrupt, more than four months before such bankruptcy proceedings, can enjoin one from prosecuting his claim in the bankruptcy court as a secured claim on the property in the hands of the receiver of the State court. It is insisted that the court below erred in enjoining A. J. Strickland from prosecuting his claim in the bankruptcy court. In *Marshall* v. *Lockett,* 76 *Ga.* 289, this court held: "It is the duty of the court to protect from interference the property in its possession through its receiver. Where a receiver was appointed, and no exception was taken thereto, but only to the grant of an injunction restraining interference with the property, and where it appeared that the title to certain land was in dispute, which was in the hands of a receiver, and one of the litigants made an effort to distrain for rent against another, this was an interference with the property, which was properly enjoined." And in *Woodburn* v. *Smith,* 96 *Ga.* 241 (22 S. E. 964), it was held: "Where under an order granted upon an equitable petition a receiver takes possession and makes a sale of property, subject to final confirmation by the court, to which property there is an adverse claim by a person not a party to such proceedings, such property, until confirmation in accordance with the order directing the sale, though delivered to the actual possession of the purchaser, is nevertheless, in contemplation of law, still in the hands of and subject to the control of the receiver; and if his possession by or through such purchaser is interfered with or disturbed by the adverse claimant of such property, the receiver, as against such person, may file a petition for injunction. If such a petition is filed, an order of dismissal, upon general demurrer thereto, is erroneous." See also *Lang* v. *Macon Construction Co.,* 101 *Ga.* 343 (28 S. E. 860) ; *Lubroline Oil Co.* v. *Athens Savings Bank,* 104 *Ga.* 376 (30 S. E. 409) ; High on Rec. §§ 37, 51, 52. In that work (§ 51) it is stated: "And when the State court has been the first to acquire control over the sub-

ject-matter, and has appointed its receiver, who has taken charge of the property in controversy, a receiver subsequently appointed by the United States court may be punished for contempt if he interferes with the receiver previously appointed by the State court. So, when a receiver is appointed in a State court, and after such order, but before the filing of the receiver's bond, the property in controversy, consisting of boats, is libeled under process from a U. S. district court, upon filing his bond the receiver's title relates back to the date of his appointment. And the court may, in such case, enjoin the creditors from proceeding with their action in the United States court."

In the recent case of Blair *v.* Brailey, 221 Fed. 1 (136 C. C. A. 524), the Circuit Court of Appeals for the Fifth Circuit, held: "Taking possession of the property of a corporation by a court through its receivers in a creditors' suit constitutes a 'levy' within the meaning of the bankruptcy act, July 1, 1898, ch. 541, sec. 67 f, 30 Stat. 565 (Comp. Stat. 1913, § 9651), and is rendered void by said section in case the defendant is adjudged a bankrupt within four months, but not otherwise; and where receivers were appointed more than six months prior to the institution of bankruptcy proceedings against the corporation in another district, the jurisdiction of the court over the property is not affected by such proceedings, and it may refuse to surrender the same to the trustee appointed therein, and apply it to the payment of the claims of the complainants or other creditors proved in the suit." See the same case in the 238 U. S. 634, where a writ of certiorari was denied by the Supreme Court of the U. S. The above case is very similar to the instant one, except that in the Brailey case the contest was between the jurisdiction of two Federal courts instead of between a State court and a bankruptcy court. In delivering the opinion of the court in the Brailey case, Judge Walker, among other things, said: "The general rule prevails to prevent any interference even by a court of bankruptcy with another court's control over property which originally has been subjected to its jurisdiction, if that jurisdiction attached more than four months before the petition in bankruptcy was filed;" citing Pickens *v.* Roy, 187 U. S. 177 (23 Sup. Ct. 78, 47 L. ed. 128). Where it was held: "Where a judgment creditor files a bill in a State court to set aside a conveyance made by a person who, during the pendency

of the action and after its commencement, is adjudged a bankrupt, and to apply the proceeds of the property affected towards the payment of the debt, the State court acquires such complete jurisdiction and control over the bankrupt and his property that jurisdiction is not divested by proceedings in bankruptcy; and it is the duty of the State court to proceed to final decree notwithstanding the adjudication in bankruptcy, under the rule that the court which first acquires rightful jurisdiction over the subject-matter should not be interfered with; and the district court of the U. S. in which the bankruptcy proceedings are pending has no jurisdiction to restrain complainants in the State court from executing their decree obtained in that court. Nor does the mere fact that the complainant in such an action in a State court proved up her judgment as a preferred debt in bankruptcy, 'without waiv-her preference,' operate to deprive the State court of jurisdiction or amount to a consent to the exercise of jurisdiction by the district court to restrain her from executing the judgment." See also Metcalf *v.* Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. ed. 122; 1 Collier on Bankruptcy (12th ed.) 51, 71, 528. In Collier on Bankruptcy, 528, it is said: " A receiver appointed by a State court in an action brought more than four months prior to bankruptcy, to set aside a fraudulent conveyance, may not be compelled to submit his claim in the bankruptcy proceedings; his claim must be treated as adverse." And see Re United Wireless Tel. Co., 27 Am. Bankr. R. 1; Re Norman Williams, 38 Am. Bankr. R. 762; Gaspar Pietri *v.* Wells, 36 Am. Bankr. R. 105; Russell & Burket, 3 Am. Bankr. R. 658; Frazier *v.* Southern Loan & Trust Co., 3 Am. Bankr. R. 710.

It may be said that A. J. Strickland can not be enjoined from proving his claim as a secured claim in the bankruptcy court, thereby fastening a lien on the property. It was said by Sanborn, Judge, in the case of Western Union Tel. Co. *v.* U. S. & Mexican Trust Co., 221 Fed. 545 (137 C. C. A. 113), that " The court which first lawfully acquires dominion over and the power to dispose of specific property may lawfully retain exclusive jurisdiction to adjudicate claims for liens upon, or trusts and interest in it, until its decree of disposition of it is carried into effect, and it may by injunction protect the property, its decree, and the title under that decree from suits or other proceedings in other courts."

In support of the above proposition the following cases were cited: Lang v. Choctaw &c. R. Co., 160 Fed. 355, 360, 361 (87 C. C. A. 307, 312, 313); Chicot County v. Sherwood, 148 U. S. 529, 533, 534 (13 Sup. Ct. 695, 37 L. ed. 546); Julian v. Central Trust Co., 193 U. S. 93, 112 (24 Sup. Ct. 399, 48 L. ed. 629); Wabash R. Co. v. Adelbert College, 208 U. S. 38, 53 (28 Sup. Ct. 182, 52 L. ed. 379); Barber Asphalt Paving Co. v. Morris, 132 Fed. 945, 949 (66 C. C. A. 55, 59, 67, 67 L. R. A. 761); Brun v. Mann, 80 C. C. A. 513 (151 Fed. 145). And see also Harris v. Luxury Fruit Co., 142 Ga. 67 (82 S. E. 447), where the above principle was recognized, and where, under somewhat similar proceedings, the application of the receiver appointed by the bankruptcy court for the assets in the hands of the receiver appointed by the State court was denied. In the case of Lion Bonding & Surety Co. v. Karatz, 262 U. S. 77 (43 Sup. Ct. 480, 485), the Supreme Court of the U. S. stated the rule as follows: "Where a court of competent jurisdiction has by appropriate proceedings taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts, and the first court has the right, while continuing to exercise its prior jurisdiction, to determine for itself how far it will permit any other court to interfere." It was further said: "But the judgment of the State Court, which had possession of the res, could not be set aside by a collateral attack in the Federal courts." And see Mutual Reserve Fund Life Asso. v. Phelps, 190 U. S. 147, 159, 160 (23 Sup. Ct. 707, 47 L. ed. 987).

From the foregoing authorities we reach the conclusion that where the State court had appointed a receiver who seized the property in controversy more than four months prior to the bankruptcy proceedings in which J. B. Strickland was adjudged a bankrupt, it was its duty to protect the property in the possession of the receiver appointed by the court; and it was not error for the court to enjoin A. J. Strickland from proving his claim as a secured claim in the bankruptcy court and thereby creating a lien on the property in the hands of the receiver.

*Judgment affirmed. All the Justices concur.*