## FOUTS v. GARDNER.

1. The excerpt from the charge as set out in the first division of the opinion is not erroneous for any reason assigned.

(a) In a claim case, in order to show fraud in a deed to the claimant it is not necessary to have special pleadings for that purpose.

2. In the trial of a claim case it is error for the court to charge, without qualification, that "The court instructs you, where the rights of creditors are involved, all transactions between near relatives are to be scanned with care." Where applicable, the instruction should be qualified by telling the jury that it is for them to determine from the evidence whether or not badges of fraud have been shown which call for rebuttal or explanation.

3. The charge of the court set out in the third division of the opinion is not error for any reason assigned.

No. 3847. JANUARY 19, 1924.

Claim. Before Judge Blair. Milton superior court. May 19, 1923.

*George F. Gober* and *G. B. Walker,* for plaintiff in error.

*J. P. Brooke,* contra.

HILL, J. W. A. Gardner, as plaintiff in fi. fa., had levied by the sheriff a fi. fa. based on a judgment dated March 6, 1922, which was obtained against Silas Fouts as principal, and J. H. Fouts and P. W. Fouts as sureties, on lots of land Nos. 713 and 767 in the first district and second section of Milton County, containing forty acres, more or less, as the property of P. W. Fouts. According to the sheriff's return the property was found in the possession of each of the defendants. There was an entry of nulla bona by the sheriff as to S. L. Fouts. To this levy S. L. Fouts filed his claim in the usual form. On the trial of the case J. H. Fouts, defendant in fi. fa., put in evidence his discharge in bankruptcy, dated December 16, 1922, discharging him from all debts and claims existing on July 11, 1922. The claimant, S. L. Fouts, introduced in evidence a deed executed to him by J. H. Fouts, the bankrupt, to the land in controversy, dated and recorded January 31, 1922. The evidence showed that J. H. Fouts was security on the debt in judgment; that he owed S. L. Fouts about $750, the debt being of long standing; that S. L. Fouts agreed to pay $1000 for the land, and paid the difference between the amount the defendant in fi. fa. owed the claimant and the $1000 in money; and out of this money so paid by S. L. Fouts, J. H. Fouts paid the plaintiff in fi. fa. $75 thereon. The jury returned a verdict finding the property levied on subject to the fi. fa. The claimant made a motion for new trial, which was overruled, and he excepted.

1. Exception is taken to the following charge of the court: "Now the plaintiff in execution here, gentlemen, attacks this deed and says that it is void as against the plaintiff in execution, Gardner, for the reason that, as he says, it was made for the purpose of hindering and delaying J. H. Fouts' creditors; and so the issue narrows down to the question of validity or invalidity of this deed as against Gardner here, whether it was a bona fide sale on the part of J. H. Fouts or whether it was made for the purpose of hindering and delaying the creditors of J. H. Fouts. Every conveyance of real or personal estate, by writing or otherwise, with intention to delay or defraud creditors, and such intention is known to the

party taking, is fraudulent and void. A bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion, shall be valid. So, as I have said already, the question here is whether this is a bona fide transaction made in good faith on the part of the vendor, J. H. Fouts, accepted on the part of S. L. Fouts in good faith, and based on a valuable consideration, or whether it was made for the purpose of hindering, delaying, or defrauding the creditors of J. H. Fouts." This charge of the court was not error for any of the reasons assigned, nor because there was no evidence to authorize it. Headnote 1(*a*) requires no elaboration.

2. Error is assigned upon the following charge of the court: "The court instructs you that in determining these questions you will take into consideration the facts and circumstances surrounding the transaction, from the sworn testimony in the case. Consider the facts with reference to how the consideration was paid, whether it was a fair consideration, whether it was paid in full or whether it was paid in part. You can take in consideration the relationship between J. H. Fouts and S. L. Fouts. The court instructs you, where the rights of creditors are involved, all transactions between near relatives are to be scanned with care. The court further instructs you, gentlemen, that if you should reach the conclusion under all the evidence in the case, the facts and circumstances in the case, that the deed was made for the purpose of hindering, delaying, or defrauding the creditors of J. H. Fouts, and the claimant had notice of such intention, the deed would be void notwithstanding the money might have been paid. In order to subject this land it would be necessary for you to find that it was the purpose of J. H. Fouts to hinder, delay, or defraud his creditors, or some of them, and also that the claimant here had notice or knowledge of such intention, or the facts and circumstances were sufficient to put a reasonable person upon notice that such was the intention of the grantor, J. H. Fouts." This charge is assailed as erroneous for the reasons: that it is argumentative in favor of the plaintiff in fi. fa. and ignores the contentions of the claimant; that it was an invasion of the province of the jury; that there is no law that says that transactions between near relatives shall be scanned by the jury with care; and that the charge was not warranted by any evidence. We are of the opinion that the following portion of

the charge is error requiring a reversal: "The court instructs you, where the rights of creditors are involved, all transactions between near relatives are to be scanned with care." This charge is inaccurate. The court should have qualified this instruction by telling the jury that it was for them to determine from the evidence whether or not badges of fraud had been shown which called for rebuttal or explanation. *Hicks* v. *Sharp,* 89 *Ga.* 311 (3) (15 S. E. 314). The language of the above charge is too broad, and needs to be qualified. There was evidence tending to show that J. H. Fouts remained in possession of the land after he conveyed the land to the claimant, S. L. Fouts. This, if true, would amount to a badge of fraud; and the jury should have been instructed that if the evidence showed that the claimant remained in possession after the sale, this would amount to a badge of fraud, and they should scan with care the transaction between J. H. and S. L. Fouts under such circumstances, if they did exist. In the *Hicks* case, supra, this court held, that, "Where badges of fraud other than relationship are proved, the rule applies between father and daughter, and between father-in-law and son-in-law, that the conveyance is to be scanned closely, etc.; but until such badges appear, the rule has no application. It is not accurate to instruct the jury in general terms that if you believe from the evidence that it was a transaction between father-in-law and son-in-law or between father and daughter, then the transaction should be scanned with care and caution, and the bona fides of the transaction should be made clearly to appear before you find in favor of its being a bona fide transaction. This should be qualified by telling the jury that it is for them to determine from the evidence whether or not badges of fraud have been shown which call for rebuttal or explanation."

3. The following charge of the court is assigned as error: "Now something has been said here about bankruptcy and a discharge in bankruptcy. The court instructs you that you have nothing to do with that matter whatsoever. This court having taken jurisdiction before the bankruptcy court had anything to do with it, the jurisdiction of this court is not disturbed by the fact that J. H. Fouts went into bankruptcy, or by the fact that he got a discharge. The question here is to be determined under the law I have undertaken to give you in charge." This charge is not error

for any reason assigned. *Strickland* v. *Darsey*, 156 *Ga.* 717 (120 S. E. 7).

*Judgment reversed. All the Justices concur, except Gilbert and Hines, JJ., dissenting.*