McCALLIE *et al.* v. McCALLIE.

700

No. 13830. SEPTEMBER 11, 1941.

*Gleason & Collins,* for plaintiffs in error.

*Rosser & Rosser* and *Shaw & Shaw,* contra.

REID, Chief Justice. █ Under the provisions of the Code, § 28-201 (2), a deed executed by a husband living separate and apart from his wife, conveying certain of his property to another person with the intent and purpose of defeating the wife's right to alimony, is invalid as to the wife if the grantee knew or had grounds for reasonable suspicion that such was the purpose of the husband, even though the deed was made to secure or in payment of a valid pre-existing debt due by the husband to the grantee (*Wood* v. *Wood,* 166 *Ga.* 519, 143 S. E. 770; *Stephens* v. *Stephens,* 168 *Ga.* 630, 148 S. E. 522; *Fields* v. *Marchman,* 179 *Ga.* 613, 176 S. E. 635; 79 A. L. R. 421), and the wife may in the same action seek a recovery of a judgment for alimony and a cancellation of the deed. *Wood* v. *Wood,* supra; *Keeter* v. *Bank of Ellijay,* 190 *Ga.* 525, 526 (9 S. E. 2d, 761). Such is the purport of the present

action brought by Mrs. Pearl McCallie against her husband and his sister, Mrs. A. L. Stoner (the grantee in the deed). Among other things, the judge charged the jury that "transactions between near relatives should be scanned with care, and slight evidence of fraud may be sufficient to set the transaction aside. A conveyance by a brother to a sister, made at a time when he and his wife were living in a bona fide state of separation, which fact was known to the sister, renders such conveyance prima facie void, and the burden should be on the defendant to show the bona fides of the transaction." In our opinion this charge is erroneous and necessitates the grant of a new trial. Proof of near relationship between the parties to the deed, other than that of husband and wife, without more, is not sufficient to show fraud (*Fouts* v. *Gardner*, 157 *Ga.* 362, 121 S. E. 330; *Webb-Crawford Co.* v. *Bozeman*, 178 *Ga.* 328, 173 S. E. 144; *Martin* v. *Martin*, 180 *Ga.* 782, 180 S. E. 851; *Gormley* v. *McNatt*, 183 *Ga.* 315, 188 S. E. 535; *Hicks* v. *Sharp*, 89 *Ga.* 311, 15 S. E. 314); and it is improper to instruct the jury that transactions between near relatives "should be scanned with care, and slight evidence of the fraud may be sufficient to set the transaction aside," in the absence of qualification that this rule does not apply unless there is proof otherwise suggesting fraud. *Hicks* v. *Sharp*, supra; *Edge* v. *Calhoun National Bank*, 155 *Ga.* 821 (118 S. E. 359). We regard as even more serious error the other portion of this charge to the effect that if the sister knew at the time she accepted the deed that the grantor and his wife were living in a state of separation, this would render the conveyance prima facie void, and the burden would be on the grantee to show the bona fides of the transaction. The fact of relationship, and the knowledge by the grantee that the grantor and his wife were living in a state of separation, are not such badges of fraud as would operate to make out a prima facie case and shift the burden. Cf. *Coulter* v. *Lumpkin*, 100 *Ga.* 784 (28 S. E. 459).

■ The judge charged the jury as follows: "If you find under the facts and circumstances of this case that Mrs. Stoner had knowledge of the suit being brought for alimony, by the plaintiff in this case, against the defendant, her brother, or that Mrs. Stoner had reason to know or believe that Mrs. McCallie, the plaintiff, contemplated the filing of this suit, all of which will be determined by the jury, and that J. A. McCallie made and executed a conveyance,

if one was made and executed, to his sister, Mrs. A. L. Stoner, under these facts and circumstances and for the purpose of defeating Mrs. McCallie's suit for alimony; if you believe that Mrs. Stoner accepted the deed with knowledge of the filing of the suit, or had knowledge that Mrs. McCallie was contemplating filing a suit, then I charge you, you would be authorized to set the deed aside." This charge is criticized as directing the jury to set aside the deed simply upon a finding that Mrs. Stoner knew that plaintiff was contemplating filing suit. The jury no doubt understood that it was necessary that they find that the deed was made by the husband with the intent to defraud the plaintiff; but the latter portion of the charge is not entirely free from the criticism made. Since the case goes back for another trial, the judge can guard against such ambiguity.

■ Another part of the judge's charge is as follows: "I charge you, gentlemen of the jury, that where a party has evidence within his power and within his reach, by which he may repel a claim or charge against him, and omits to produce it, or having more certain and satisfactory evidence, relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded." This is a statement of the Code, § 38-119, with the exception that it omits the last clause thereof, "but this presumption may be rebutted." The plaintiff and Mrs. A. L. Stoner were the sole witnesses at the trial. The plaintiff in error insists that the giving of this principle in charge was erroneous, because it attached an unfavorable presumption to the failure of the defendant husband to testify, and that in *Thompson* v. *Davitte,* 59 *Ga.* 472, it was ruled that the principle has no application to the failure of a party to testify. That this decision so held must be conceded. Notwithstanding the unbounded respect and admiration for the great judge who delivered that opinion, the writer has not been able to escape some doubt as to the correctness of the ruling made. 20 Am. Jur. 193, § 190 ; 1 Wigmore on Evidence, § 289. The rule does not in fact appear to have been consistently applied in the decisions of this court and the Court of Appeals. See *Wood* v. *Wilson,* 145 *Ga.* 256 (88 S. E. 980) ; *Hoffer* v. *Gladden,* 75 *Ga.* 532; *Shiver* v. *Firemen's Insurance Co.,* 60 *Ga. App.* 57, 58 (2 S. E. 2d, 760). There is, however, no request in the present case that the *Thompson* case be reviewed and overruled; and since it appears that we have

recently approved that ruling in *Howard* v. *Obie,* 190 *Ga.* 394 (9 S. E. 2d, 666), I am content to presently follow the ruling of the *Thompson* case and hold that the charge was erroneous. In the *Howard* case, supra, attention was called to the fact that the only witness to whom the charge could have applied was not a party eo nomine, although vitally interested in the result, and further that had there been any evidence "to support that ground of her caveat which alleged that the will was the result of undue influence practiced by Maggie [the party not examined as a witness], a different ruling might follow." The present case does not involve a transaction between husband and wife, and is not distinguishable on that ground from the *Thompson* case, as was that of *Cotton States Fertilizer Co.* v. *Childs,* 179 *Ga.* 23 (174 S. E. 708). There were no other witnesses who appeared to have been accessible and under the control of the defendants which they failed to produce, so as to make the principle otherwise applicable. Even had there been, the judge should have made it clear that the rule did not apply because of the failure of the defendant husband to testify. Cf. *Cocroft* v. *Cocroft,* 158 *Ga.* 714, 724 (124 S. E. 346).

■ Complaint is made that the judge failed to give in charge to the jury the definition of cruel treatment, by which the jury were to be guided in determining whether alimony would be allowed. This omission was not error. The allegations of the plaintiff's petition and her testimony, which was not materially contradicted, showed that the defendant husband abandoned her and her children and took up his residence elsewhere. This being true, the plaintiff was entitled to recover alimony irrespectively of whether the husband had been guilty of acts of cruelty. Code, §§ 30-210, 30-213. In *Durham* v. *Durham,* 156 *Ga.* 454 (supra), a suit for permanent alimony, the plaintiff brought about the separation, alleging that she had been forced to leave the defendant because of certain acts of cruelty. The court held that before she could recover in such circumstances she would have to show that the defendant was guilty of cruel treatment such as would authorize a divorce, and that a failure of the court in such case to define cruel treatment in his charge to the jury was erroneous.

We find no material error in the judge's charge in reference to the contentions of the parties, or in his charge in reference to

the credibility of the witnesses. For the reasons above stated, a new trial should be had.

*Judgment reversed. All the Justices concur.*

DUCKWORTH, Justice, concurring. I concur in the judgment of reversal, as well as the criticism of the opinion in *Thompson* v. *Davitte,* 59 *Ga.* 472. I think, however, that the failure of counsel to request that we review and overrule that decision is not ground for our failure so to do. Certainly under the Code, § 6-1611, this court has authority to act on its own motion and without request in the matter. And being as I am of the opinion that the decision referred to is unsound, I think we should without request and without delay, in the exercise of our power, review and overrule that decision, in order that the question involved may not longer be in doubt and uncertainty. I think it is of great importance that the rule stated in the Code, § 38-119, be applied in a case where a party to the action is the witness who could give the evidence; for certainly there are even stronger reasons to apply the rule to such a party than to exclude such party, as was done in *Thompson* v. *Davitte,* supra. Conceivably there may be legitimate reasons why a party would dislike to take a chance on producing an unreliable third party as a witness, but there can be no case where the party himself should hesitate to take the witness-stand and submit to cross-examination.