## HOARD et al. v. MADDOX.

JENKINS, Chief Justice. 1. On the trial of a claim case involving the bona fides of a deed of conveyance, it is improper to instruct the jury that "transactions between near relatives are to be scanned with care and scrutinized closely, and slight evidence of fraud shown between them may be sufficient to set the transaction aside," in the absence of qualification that this rule does not apply unless there is proof otherwise suggesting fraud. *McCallie* v. *McCallie*, 192 *Ga.* 699, 701 (16 S. E. 2d, 562). See also *E lge* v. *Calhoun National Bank*, 155 *Ga.* 821 (118 S. E. 359). The impropriety in the charge arises from its ambiguity, since the jury might reasonably have understood that the charge presented two propositions: first, that all transactions between near relatives are to be scanned with care and scrutinized closely, and second, that slight evidence of fraud shown between such persons may be sufficient to set the transaction aside; whereas the true rule is that proof of near relationship between the parties to the deed, other than that of husband and wife, without more carries no presumption of fraudulent intent. *Hicks* v. *Sharp*, 89 *Ga.* 311 (3) (15 S. E. 314); *Fouts* v. *Gardner*, 157 *Ga.* 362 (2) (121 S. E. 330). It might properly be stated that the instruction as thus given by the judge in this case is in conformity with what has been said by this court in *McLendon*

v. *Reynolds Grocery Co.*, 160 *Ga.* 763 (5) (129 S. E. 65), and as quoted in *Hilburn* v. *Hightower*, 178 *Ga.* 534 (3) (173 S. E. 389). But the court in those cases was not considering excerpts taken from the language of a charge, and was merely stating the rule applicable where there was evidence of fraud as well as proof of near relationship. Since it is true that the excerpt might also be taken to mean correctly that proof of fraud between near relatives must be supported by other evidence, even though slight, the error in the charge is not flagrant; but since the charge is to an extent ambiguous, and since 'this court has twice held in terms that such a charge is error, and since the case must be reversed on another and different ground, it is thought well to disapprove again specifically the language here employed.

(a) The exception taken to giving in charge the principle involved in the excerpt just dealt with, on the ground that it is inapplicable under the circumstances of this case, where the relationship was that of a corporation on the one hand and the nephew of the president and sole stockholder of such corporation on the other, is without merit. While we have been unable to find where this court has defined or limited the degree of relationship such as to authorize the charge with respect to "transactions between near relatives," it would seem that—since this principle has been held applicable to the relationship of brothers-in-law (*McLendon* v. *Reynolds Grocery Co.*, supra) and of a parent and children-in-law (*Martin* v. *Martin*, 180 *Ga.* 783, 180 S. E. 851)— it would, *a fortiori*, be applicable to the blood relationship of uncle and nephew. It has been recognized that the rule subjecting such transactions to close scrutiny has equal force in determining the character and purpose of a transaction between an individual and a corporation controlled by him. *Dewees Co.* v. *Carter & Co.*, 190 *Ga.* 68, 73 (8 S. E. 2d, 376) ; *Liberty Lumber Co.* v. *Silas*, 181 *Ga.* 774, 777, 778 (184 S. E. 286). See also *Nelson* v. *Spence*, 129 *Ga.* 35, 37 (11) (58 S. E. 697) ; *Martin* v. *White*, 115 *Ga.* 866, 871 (42 S. E. 279).

2. Error is assigned on the charge of Code, § 28-201 (3), relative to a voluntary conveyance by an insolvent debtor. It is urged that this charge was inapplicable for two reasons: first, because there was evidence sufficient to show as a matter of law that the deed under attack was in fact supported by a valuable consideration; and second, because the evidence failed to show that the defendant corporation was insolvent at the time the deed was made.

(a) As to the first contention, that the evidence was sufficient as a matter of law to demand a finding that the actual consideration for the deed from the debtor corporation was $6000 paid for a previous deed from E. D. Hoard, individually, is unsound. The evidence as to such a payment could be considered only as an explanation by the claimant of the $1 consideration expressed in the subsequent corporation deed now under attack; and it appears without dispute that the $6000 in currency, testified to as having been previously paid by the claimants to Hoard, the sole stockholder of the corporation, in consideration of the deed made by him personally long prior to the conveyance made by the corporation itself, did not reach the hands of the corporation; but, being received by virtue of his individual deed, went in extinguishment

of his own personal debts, and that, therefore, the assets of the corporation had been dissipated in consideration of the amount of one dollar, the only amount ever received by it under either sale.

(b) The second objection, that there was no evidence as to the insolvency of the debtor corporation at the time the deed from the corporation was made, is likewise without merit. As already stated, there was evidence of a sale by the corporation of its principal, and apparently its only, asset for $1; and the undisputed evidence is that it never received any of the alleged $6000 consideration, under the attempted previous sale by the sole stockholder. This testimony, taken in connection with other positive evidence that the corporation was insolvent at the time of the judgment against it some three years after the sale, showed circumstances sufficient to present a question of fact as to the solvency or insolvency of the corporation at the time when its sale was consummated, concerning which there was a complete absence of any evidence whatsoever tending to rebut the showing of insolvency of the corporation at the time when its deed now under attack was delivered.

3. The assignment of error criticizing an isolated portion of the court's charge, defining and giving the legal effect of a voluntary conveyance, on the ground that it amounted to an expression of opinion that the deed under attack was in fact a voluntary conveyance, is without merit. It is sufficient to say that this excerpt does not amount to an expression of opinion as to whether the deed in question was or was not a voluntary conveyance. The part of the charge thus complained of is as follows: "The law provides every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance, would be a void conveyance so far as that debtor is concerned. In other words, it would not be necessary for any question of fraud to arise at all, but merely what conditions existed at the time the voluntary deed was made. Of course, I have to give you another oral charge along that line to keep you straight. I charge you, a deed which provides any valuable consideration, no matter how small, that is a consideration for value and is a valuable consideration."

4. "Evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." Code, § 38-201. "Every person has the right to try his case with its own issues clear and well defined." *Smith* v. *Davis*, 200 *Ga.* 317 (37 S. E. 2d, 182). Thus, it has been held that, in "an action in trover, where the evidence presented an issue of fact as to the title of the property sued for, it was error, tending to influence the jury in favor of the plaintiff, to admit evidence to the effect that a third person had employed counsel to represent the defendant upon the trial of the case, and that such third person had promised to make good to the defendant the title to the property." *Riggs* v. *Kinney*, 27 *Ga. App.* 337 (2) (108 S. E. 255). The *Riggs* case cites *O'Neill Mfg. Co.* v. *Pruitt,* 110 *Ga.* 577 (36 S. E. 59), which was a damage suit where the defendant was protected by insurance. The rule has peculiar application such as would authorize a reversal where the irrelevant evidence would reasonably tend to prejudice the jury against the rights of a litigant.

Under the foregoing principles, on the trial of a claim interposed to a levy of execution, where the sole issue raised by the pleadings and the evidence was whether or not the deed of conveyance under which the claimants based their title was an invalid conveyance as against creditors, documentary evidence, admitted over the protest of the claimants that they had attempted to vouch into court a previous grantor to the same property—which previous deed admittedly did not convey title, but which was properly admitted in evidence in that it could be taken as tending to show the real consideration for the second deed actually under attack—was wholly irrelevant to the issues before the jury. It cannot be said, as contended by the plaintiff in fi. fa., that such evidence constituted an admission by the claimant against his interest with respect to the issue involved in the claim case. Being thus wholly irrelevant, it cannot be said as a matter of law that such evidence was harmless, since it might reasonably have prejudiced the rights of the claimants by interjecting the question as to whether they might be protected against loss notwithstanding a verdict against them finding the property subject to levy.

While it is true that the previous deed contained a warranty of title, and had been introduced in evidence by the claimants, it was relevant only for the purpose of showing the actual consideration of the subsequent deed under which the claimants actually claimed title; and the judge in admitting the previous deed did not thereby give his judicial sanction to the propriety of any irrelevant contention being made before the jury that the previous warranty of title might save the claimants harmless in the event they should lose the present case; whereas the introduction of proof, over the claimants' objection, that they had sought to vouch the previous grantor into court, amounted to an actual adjudication by the court that such fact might have a proper and relevant bearing upon the issue of title then being tried.

Especially would such testimony be held to be not only irrelevant, but possibly harmful, since the remedy as to avouchment concerns only the voucher and vouchee, and if the vouchee, as here, refuses to come into court to defend the suit, he cannot in any sense be said to be a party therein. *Maryland Casualty Co.* v. *Salmon,* 45 *Ga. App.* 173 (164 S. E. 80). *Judgment reversed. All the Justices concur.*

No. 15777. MAY 16, 1947.

278

*W. E. Watkins, George C. Grant,* and *Martin, Martin & Snow,* for plaintiffs in error.

*Ellis B. Barrett* and *Andrews & Nall,* contra.