VON KAMP *v.* GARY *et al.*

No. 16530. MARCH 15, 1949.

*Fulcher & Fulcher,* for plaintiff.

*Cumming, Mixon & Eve,* for defendants.

BELL, Justice. The Code, § 28-201, declares that the following acts (among others) shall be fraudulent in law "against creditors and others, and as to them null and void:" 2. "Every conveyance of real or personal estate . . made with intention to delay or defraud creditors, and such intention known to the party taking. A bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion, shall be valid." 3. "Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance."

There is no allegation or contention in this case that· the defendant husband was insolvent, and therefore, in so far as the foregoing law is concerned, the deed assailed by the plaintiff as being fraudulent must stand or fall by the standard set forth in paragraph 2.

The law as stated in this paragraph or subsection may be applied in a proper case either to a deed based on a valuable consideration or to a voluntary conveyance, and this is true regardless of whether the grantor was solvent or insolvent. *Clayton* v. *Brown,* 17 *Ga.* 217 (2), 222; *Sullivan* v. *Ginsberg,* 180 *Ga.* 840 (1a) (181 S. E. 163). Thus, while the plaintiff alleged that the deed was a voluntary conveyance, it is apparent from the petition as a whole that it was based upon paragraph 2, so far as related to disposition of property.

According to several decisions by this court, a wife suing for alimony may obtain relief under the foregoing statute, as against a fraudulent conveyance by her husband. *Parker* v. *Parker,*

148 *Ga.* 196 (96 S. E. 211); *Donalson* v. *Bridges,* 162 *Ga.* 502 (134 S. E. 302); *Newton* v. *Falligant,* 166 *Ga.* 450 (143 S. E. 391); *Wood* v. *Wood,* 166 *Ga.* 519 (3) (143 S. E. 770); *Stephens* v. *Stephens,* 168 *Ga.* 630 (1) (148 S. E. 522); *McCallie* v. *Mc-Callie,* 192 *Ga.* 699 (1) (16 S. E. 2d, 562). Even if she might not be considered as a creditor in the ordinary sense, she would come within the phrase, "and others." *Coulter* v. *Lumpkin,* 100 *Ga.* 784 (1), 787 (28 S. E. 459); *McDowell* v. *McMurria,* 107 *Ga.* 812 (2), 816 (33 S. E. 709); *McVeigh* v. *Harrison,* 185 *Ga.* 121 (194 S. E. 208); *Kirby* v. *Johnson,* 188 *Ga.* 701 (2a) (4 S. E. 2d, 643); *Hudson* v. *Hudson,* 189 *Ga.* 410, 411 (5 S. E. 2d, 912); Code, § 30-201; 24 Am. Jur. 279, § 136.

The main contentions of counsel for the defendants in error (the grantees) were stated in their brief in the form of two general questions as follows: 1. May a court of equity at the instance of the wife set aside and cancel absolutely a voluntary deed by the husband, alleged to have been made with intent to hinder, delay, and defraud the wife? 2. On demurrer, what is the effect of the wife's bare allegation that voluntary transfers by the husband were made with intent to hinder, delay, and defraud the wife, where her petition sets forth specified property retained by the husband amply sufficient to discharge the wife's claim for alimony?

Dealing with these questions in their inverse order, we cannot agree that the allegations to the effect that the husband made this deed with intent to delay and defraud his wife with respect to her claim for alimony, and that such intention was known to the grantees, must be counted for naught merely because it affirmatively appears from other allegations that the husband, while conveying voluntarily a tract of land worth approximately $250,000, retained other property aggregating in value about $150,000. The petition alleged in effect that, from all of the husband's property as it existed before this conveyance, he received an income which the plaintiff estimated as being in excess of $15,000, of which this tract of land itself produced approximately $10,000. The fact that the husband at the time of the separation owned property worth $400,000 (he having executed the deed in question only three days after the separation) would be a material factor in determining what amount of

alimony, if any, the plaintiff should recover. It would tend to illustrate the standard of living which they enjoyed while they lived together as husband and wife, also his ability to pay alimony in a substantial amount. *Aud* v. *Aud*, 199 *Ga.* 526 (1) (34 S. E. 2d, 655). Seemingly, therefore, the plaintiff would be entitled to have the court consider her case, as related to the husband's wealth or financial condition, just as it existed on the date of the separation, provided it be true, as alleged, that he did thereafter convey this major part of his estate with intent to delay or defraud his wife and such intention was known to the grantees. Perhaps this plaintiff may never recover as much as $150,000 as alimony, or any sum approaching that amount. Nevertheless, is she not entitled to have the case tried and to have the amount of alimony determined, considering her husband as a man worth approximately $400,000, and with an income, as alleged, of $15,000, instead of one having property worth only about three-eighths of that amount, and income even smaller in proportion?

The allegations as to fraud and notice were sufficient to withstand a general demurrer in a case falling under the Code, § 28-201 (2), supra. *Ellis* v. *Pullman & Co.*, 95 *Ga.* 445 (2) (22 S. E. 568); *Shirley* v. *Standard Oil Co.*, 172 *Ga.* 191 (157 S. E. 267); *National Bank of Savannah* v. *Evans*, 149 *Ga.* 67 (99 S. E. 123); *Nelson* v. *Estill*, 190 *Ga.* 235 (3) (9 S. E. 2d, 73); 37 C. J. S. 1195, § 364; 24 Am. Jur. 329, § 212.

While the fact that the husband retained valuable properties after executing the questioned conveyance may argue strongly that he did not in fact make such conveyance with intention to delay or defraud his wife, we cannot, as a court, take these facts and use them as a matter of law to erase absolutely the positive allegations with respect to the husband's intention. See, in this connection, *Keeter* v. *Bank of Ellijay*, 190 *Ga.* 525 (1), 528 (9 S. E. 2d, 761).

Moreover, any act done by a debtor merely to delay his creditor may amount to a fraud under the provisions of this statute. "In this sense, therefore, is any intention to delay a creditor fraudulent in law. It does not follow that the intent to delay must be coupled with an actual moral fraud intended to be perpetrated by the debtor upon his creditor, in order for

it to constitute such a fraud as will invalidate the conveyance." *Monroe Mercantile Co.* v. *Arnold*, 108 *Ga.* 449 (1), 457 (34 S. E. 176). "Our statute makes void all conveyances made with intent to delay, hinder, or defraud creditors (Code, 1910, § 3224); and a conveyance, made by a debtor to his creditor, to prefer the latter, but with intent to delay other creditors, is fraudulent in law, although free from actual moral fraud, and such a preferential conveyance is void if the creditor knows of the intention of the debtor to hinder or delay his other creditors." *Cowan* v. *Bank of Rockdale*, 159 *Ga.* 123 (4), 126 (125 S. E. 194). See also, in this connection, *Evans* v. *Coleman*, 101 *Ga.* 152 (28 S. E. 645); 24 Am. Jur. 169, § 11.

So we are of the opinion that the allegations as to fraud and notice were not rebutted as a matter of law by the allegations as to the amount of property owned by the defendant after executing the deed in question.

As to the other question stated by counsel, it is true that, even though this deed should be condemned and held void as a conveyance made with intention to delay or defraud the plaintiff, it should still be treated as a valid conveyance as between the grantor and the grantees; but it does not by any means follow that the petition was subject to general demurrer as failing to state a cause of action. That is to say, while the deed may not be canceled "absolutely" so that the property may be still considered as the property of the husband for all purposes, the petition, in our opinion, alleges sufficient facts to authorize its cancellation in so far as the rights of this plaintiff are concerned.

If the prayer of the plantiff for cancellation should be construed as praying total extinction of the deed, then of course she prayed for too much; but the petition also contained a prayer for general relief, and it seems that these prayers, in case of recovery, would authorize a decree protecting any right or title of the grantees in this property, after and subject to the right of the wife to alimony. The plaintiff should not be held to have lost her case by praying for too much. *McDowell* v. *McMurria*, 107 *Ga.* 812 (33 S. E. 709); *Pierce* v. *Middle Georgia Land & Lumber Co.*, 131 *Ga.* 99 (2) (61 S. E. 1114); *Gibbs* v. *H. T. Henning Co.*, 189 *Ga.* 675, 677 (7 S. E. 2d, 238). Nothing

to the contrary was ruled in *McCranie* v. *Cobb*, 174 *Ga.* 370 (2), 377 (162 S. E. 692).

The defendants in error rely strongly on *Wallace* v. *Wallace*, 189 *Ga.* 220, 223 (5 S. E. 2d, 580), wherein it was said: "Unless, however, the creditor is hurt by the fraudulent conveyance, relief will be denied. How has the former wife been hurt? The former husband has not failed or refused to meet the instalments as they become due. He is not alleged to be in arrears a single cent; and in the absence of a threat or purpose on his part to cease payments, her present effort to attack the fraudulent conveyance is premature." Whether or not that decision squares with other unanimous decisions as to the right of the wife to sue for alimony and in the same action to seek cancellation of a deed alleged to be void under the Code § 28-201, supra, it is distinguished by its facts from the instant case, since it appears that the opinion was based in a very material part upon the fact that the wife had already obtained a judgment for alimony payable in instalments, as to which it did not appear that the husband was in arrears.

In a case of this kind, wherein the plaintiff seeks cancellation of a deed as having been made in fraud of a creditor, in violation of Code § 28-201, supra, it is ordinarily not necessary for the plaintiff to show more than that there is a liability to the plaintiff for which judgment is prayed, and that the conveyance was made with intent to defraud the plaintiff with reference to such liability, and that such intention was known to the parties taking or that they had reasonable cause to suspect the same. It is not necessary to show that damage has actually accrued. See, in this connection, *Crowell* v. *Brim*, 191 *Ga.* 288 (12 S. E. 2d, 585); *Boone* v. *Taylor*, 185 *Ga.* 433 (195 S. E. 761). The request to review and overrule *McCallie* v. *McCallie*, 192 *Ga.* 699 (16 S. E. 2d, 562), must be denied.

In view of what has been said, the court erred in sustaining the general demurrer and dismissing the petition as to the demurrants.    *Judgment reversed. All the Justices concur.*